In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3069

United States of America,

Plaintiff-Appellee,

v.

Jerry Crickon,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 126--Harry D. Leinenweber, Judge.

Submitted January 18, 2001--Decided February 16, 2001

Before Cudahy, Kanne, and Rovner, Circuit Judges.

Cudahy, Circuit Judge.  Sixty-year-old Jerry
Crickon was convicted of possession with intent
to distribute methamphetamine and sentenced to a
151-month term of imprisonment. Crickon appeals
his sentence, arguing that "his advancing age,
debilitated condition, and full and honest
cooperation" call for a sentence that is shorter
than the one he received. Although we are
understanding of his plight, we are constrained
to affirm.

I.  BACKGROUND

On February 22, 1999, Illinois State Police
stopped Jerry Crickon during his drive from
California to Addison, Illinois. While stopped,
Crickon confessed to transporting methamphetamine
and agreed to make a controlled delivery, thus
helping the police catch Juan Carlos Delatorre,
the man to whom Crickon was bringing his shipment
of methamphetamine. Following his controlled
delivery, Crickon was indicted under 18 U.S.C.
sec. 846 for conspiracy to possess with the
intent to distribute methamphetamine. Crickon
pleaded guilty to this charge, and his case
proceeded to the sentencing phase.

In response to his presentence report, Crickon
filed a motion--based solely on "his advancing
age, debilitated condition, and full and honest

cooperation"--requesting a downward departure from not only the 151-181 month sentencing range prescribed by the Sentencing Guidelines, but also the 120-month minimum sentence prescribed by 18 U.S.C. sec. 841(b)(1)(A)(viii) (a mandatory minimum). The district court denied this motion, and Crickon orally renewed the motion at his sentencing hearing. There, he argued that, in light of his advancing age and ill health, he was entitled to an approximately 60-month sentence. However, the district court determined that it could not go below the statutory minimum sentence unless the government made a motion under 18 U.S.C. sec. 3553(e) based on Crickon's substantial cooperation or Crickon qualified for the "safety valve" provision of 18 U.S.C. sec. 3553(f). Because the district court believed that neither option was available under the facts of this case, it refused to go below the 120-month minimum sentence in sentencing Crickon.

Next, the district court addressed whether Crickon's age and health would allow it to impose a sentence above the 120-month statutory minimum, but below the guideline range of 151 to 188 months, applicable to Crickon based on his criminal history and sentence adjustments. The district court concluded that it would not depart downward because, under U.S.S.G. sec. 5H1.1:

[a]ge . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

Similarly, under U.S.S.G. sec. 5H1.4:

[p]hysical condition is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g. in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

In considering these provisions, the district court found that Crickon's age was not so advanced as to warrant a downward departure, and that Crickon had further failed to present any evidence of an extraordinary physical impairment that might provide an alternative basis for a downward departure. Accordingly, the district court sentenced Crickon to 151 months of imprisonment, the shortest sentence within his guideline range. Crickon appeals his sentence,

arguing that the district court misunderstood its discretion to depart from the guideline range and that his cooperation with the police, age and physical condition warrant a sentence that is at, if not below, the prescribed statutory minimum. His appellate brief underlines his plea not to be left to die in prison.

## II. DISCUSSION

As an initial matter, we note that an appeals court may review a district court's refusal to depart downward only where it is based on the erroneous belief that the court lacked the discretion to depart. See United States v. Williams, 202 F.3d 959, 964 (7th Cir. 2000). When the district court correctly understands its discretion to depart downward, the court's decision "is a discretionary decision not subject to the review of this court." United States v. Johnson, 227 F.3d 807, 816 (7th Cir. 2000).

Crickon argues that the district court incorrectly believed that it did not have the authority to depart downward from the sentence prescribed by the Sentencing Guidelines because the court stated that "under the facts of this case, I don't see where I have that authority [to depart downward]," and that "[i]t is not within my purview to change the law." We do not believe that these statements reflect a misapprehension of the district court's ability to grant a downward departure under appropriate circumstances. However, even if these statements could be read to represent a misunderstanding of the district court's discretion, they are isolated statements, and our review of the entire sentencing transcript indicates that the district court fully understood that it had the authority to depart downward. The court reviewed the record and concluded that Crickon did not suffer the kind of extreme infirmity or extraordinary physical impairment that warrants downward departure. For example, the court stated:

I don't mean to make light[,] but [Crickon] does appear not to have any of the conditions [that would warrant a downward departure]. [Age or extraordinary physical impairment] is not ordinarily relevant, which means that it is relevant in some cases. But extraordinary physical impairment, I just do not see anything in the record to support that.

Thus, the district court chose to adhere to the Sentencing Guidelines range because the facts of Crickon's case did not warrant a departure, not because the court mistakenly believed that it could not depart downward when circumstances were shown to be more compelling. Accordingly, the

district court understood its discretion, and its decision not to exercise this discretion is not reviewable by this court.

However, even if we were to review the district court's decision not to depart downward, we cannot say that its refusal to do so was not justified. A district court's application of the sentencing guidelines is given "due deference." See United States v. Hammick, 36 F.3d 594, 597 (7th Cir. 1994). Nothing in the record convinces us that such deference is not due here.

Crickon argues that, in sentencing him, the district court should have departed not just below the guideline range, but also below the statutory minimum. However, a departure below the statutory minimum is only permitted under the "substantial assistance" and "safety valve" exceptions, neither of which are open to Crickon. See United States v. DeMaio, 28 F.3d 588, 591 (7th Cir. 1994). A downward departure for substantial assistance to authorities is only allowed on the government's motion, see 18 U.S.C. sec. 3553(e); U.S.S.G. sec. 5K1.1 (policy statement). Here, the government made no such motion, and thus the district court did not err by refusing to depart downward because of Crickon's cooperation with law enforcement. The "safety valve" departure allowed under 18 U.S.C. sec. 3553(f) is only available to defendants who have a criminal history category of I. See 18 U.S.C. sec. 3553(f)(1); U.S.S.G. ch. 5 pt. A. Because the district court determined that Crickon had a criminal history category of IV--a determination that he does not appeal--Crickon is ineligible for the "safety valve" departure.

Crickon further argues that, even if his sentence could not be reduced below the 120-month statutory minimum, it should have at least fallen below the 151-188 month range prescribed by the sentencing guidelines. In support of his contention, Crickon notes that the Supreme Court's decision in Koon v. United States, 518 U.S. 81, 92 (1996), "[a]cknowledg[ed] the wisdom, even the necessity, of sentencing procedures that take into account individual circumstances . . . ." However, Crickon does not fully state the relevant portion of the Court's discussion, for in Koon the Court stated more fully that:

Acknowledging the wisdom, even the necessity, of sentencing procedures that take into account individual circumstances, see 28 U.S.C. sec. 991(b)(1)(B), Congress allows district courts to depart from the applicable Guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration

by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. sec. 3553(b).

Id. Thus, the Court--like the district court here--recognized that departures are warranted only under mitigating circumstances of a kind not adequately taken into account by the guidelines. Indeed, in order for a district court to grant a downward departure due to physical disability, we have held that "[t]he district court . . . 'must ascertain, through competent medical testimony, that the defendant needs constant medical care, or that the care he does need will not be available to him should he be incarcerated.'" United States v. Albarran, 233 F.3d 972, 979 (7th Cir. 2000) (quoting United States v. Sherman, 53 F.3d 782, 787 (7th Cir. 1995)).

Here, Crickon's presentence report noted that he was "usually experiencing good physical health, suffering from no chronic illnesses other than flu-like symptoms last August." Crickon presented absolutely no medical testimony at his sentencing hearing to contradict this report, and this alone is sufficient to deny him a downward departure based upon physical disability. See Albarran, 233 F.3d at 979 ("[T]here was no independent evidence presented concerning [the defendant's] medical condition at the sentencing hearing, therefore it would have been inappropriate for the district court to grant a departure on this basis."). In spite of the paucity of medical evidence, Crickon relies on his attorney's contention at sentencing that he looks older than his 60 years of age due to his history of drug abuse. But "[d]rug . . . dependence or abuse is not a reason for imposing a sentence below the guidelines." U.S.S.G. sec. 5H1.4. At sentencing, Crickon's counsel also argued that Crickon would die in prison if his sentence were not shortened. Again, this factor would certainly seem important if buttressed by medical evidence, which was not the case here. Therefore, the district court correctly concluded that, without any compelling medical evidence or even a tenable argument from Crickon, a downward departure was not warranted under U.S.S.G. sec.sec. 5H1.1 & 5H1.4. Thus, all of Crickon's arguments fail, and Crickon is not entitled to a downward departure from the sentencing guideline range.

III. CONCLUSION

For the foregoing reasons, the sentence in this case is

Affirmed.