**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis L. BUTEK, Jr., Defendant–Appellant.**

No. 01–1364.

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2001.

Decided Aug. 1, 2001.

Before FLAUM, Chief Judge,
EASTERBROOK, KANNE, Circuit
Judges.

### ORDER

Dennis Butek, Jr. pleaded guilty to possession of a machine gun in violation of 18 U.S.C. § 922(o) and was sentenced to two years' imprisonment and two years' supervised release. Butek filed a timely notice of appeal, but now his counsel seeks to withdraw because he considers all possible grounds for appeal frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We gave Butek an opportunity to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Counsel's *Anders* brief is facially adequate, and therefore we limit our review of the record to those potential issues counsel discusses. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because counsel correctly identifies as frivolous all potential issues for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Butek could challenge his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure. We have held that when a defendant has failed to seek withdrawal of his guilty plea in the district court we will review a Rule 11 plea colloquy only for

plain error. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). But even were we to review Butek's plea colloquy under the more exacting harmless error standard, *compare United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), cert. granted, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001) (holding that Rule 11 has its own review mechanism that supersedes application of Fed.R.Crim.P. 52), we would still agree with counsel that an appeal based on the propriety of the guilty plea would be frivolous. In accordance with Rule 11, the district court ensured that Butek understood the nature of the charges against him, the maximum applicable sentence, the existence and likely effect of the guidelines, and the various rights he would waive by pleading guilty. Butek acknowledged that he understood the risks and penalties of pleading guilty and stated that his plea was voluntary. Butek also signed the plea agreement that set forth much of the information required by Rule 11 regarding his rights and possible penalties. We agree with Butek's counsel that an appeal challenging his plea would be frivolous.

■ Counsel next considers whether Butek could raise a non-frivolous challenge to his sentence. We agree that any argument challenging the district court's application of the sentencing guidelines, including its determination of Butek's total offense level, would be frivolous. First, Butek may not challenge the district court's calculation of his total offense level because the court used a lower base offense level than the one Butek stipulated to in his plea agreement. *See United States v. Fiore,* 178 F.3d 917, 925 (7th Cir.1999). Moreover, Butek was sentenced at the lowest end of the applicable guideline range. "Absent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the applicable guidelines range." *United States v. Jefferson,* 252 F.3d 937, 943 (7th Cir.2001) (quoting *United States v. Solis,* 923 F.2d 548, 551 (7th Cir.1991)). The record reflects no such error or guidelines misapplication in this case; therefore, any argument challenging Butek's sentence would be frivolous.

■ Finally, counsel considers whether Butek could argue that the district court erred in denying his request for a downward departure. We may not review a district court's exercise of discretion in refusing to depart downward. *See United States v. Lovaas,* 241 F.3d 900, 902 (7th Cir.2001). However, we may review a refusal to depart downward only when that refusal is based on the court's erroneous belief that it had no discretion to depart. *See United States v. Crickon,* 240 F.3d 652, 654 (7th Cir.2001). The district court here acknowledged that it had "adopted these guidelines as applicable in Mr. Butek's case" but found "no basis to depart from those guidelines." Thus the court chose to adhere to the guidelines range because the facts of Butek's case did not warrant a departure. Any argument on this issue would be frivolous as well.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Butek's appeal.