**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Irei ALMANZA–SANTOYO,**
**Defendant–Appellant.**

No. 01–4207.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2002.

Decided April 30, 2002.

Before COFFEY, MANION and WILLIAMS, Circuit Judges.

### ORDER

Irei Almanza–Santoyo pleaded guilty to being present in the United States without permission after having been deported. 8 U.S.C. § 1326(a). The district court sentenced Almanza–Santoyo to 70 months' imprisonment, two years' supervised release, and a $100 assessment. Almanza–Santoyo filed a notice of appeal, but his appointed attorney has moved to withdraw and filed a supporting brief detailing the potential issues he evaluated and explaining why an appeal based on these potential issues would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although notified of his opportunity to do so, Almanza–Santoyo did not file a response. *See* Cir. R. 51(b). Because counsel's brief is facially adequate, our review is limited to the potential issues identified in the brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Almanza–Santoyo could contest the validity of his guilty plea but concludes that this argument would be frivolous because the district court fully complied with Federal Rule of Criminal Procedure 11. Because Almanza–Santoyo did not move to withdraw his guilty plea, we review the district court's plea colloquy for plain error. *See United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002); *United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). The district court first determined that Almanza–Santoyo was competent to enter a guilty plea and questioned him about the nature of the charge, the rights he would waive by pleading guilty, and the possible penalties, including the effect of supervised release. The district court explained that it would determine his sentence based on the United States Sentencing Guidelines and that the court had the power to depart from those guidelines. Almanza–Santoyo then under oath admitted that he was not forced to plead guilty and confirmed the factual basis for the plea. Because the district court fully complied with the requirements of Rule 11, an appeal based on the validity of the guilty plea would be frivolous.

Counsel then addresses whether Almanza–Santoyo could challenge the prison component of his sentence but determines that such a challenge likewise would be frivolous. Counsel states that there was no dispute as to whether the 2000 or 2001 Sentencing Guidelines should apply because they both yielded the same sentencing range. Moreover, there was no challenge to Almanza–Santoyo's criminal history category of V or his offense level of 21. Almanza–Santoyo's sentence was 70 months, at the bottom of the undisputed range.

Counsel further examines whether Almanza–Santoyo could challenge the court's refusal to depart downward based on the defendant's status as a deportable alien. We may review a district court's refusal to depart downward only where the district court erroneously believes that it lacked the discretion to depart. *See United States v. Crickon,* 240 F.3d 652, 654 (7th Cir.2001). But the district court explicitly stated that although it had the discretion to depart it would not do so.

Lastly, counsel evaluates whether Almanza–Santoyo could argue that he received ineffective assistance of counsel. Direct appeal is rarely the appropriate time to raise an ineffective-assistance claim because the record typically lacks sufficient development to review the is-

sue. *See United States v. Harris,* 230 F.3d 1054, 1059 (7th Cir.2000). This case is no different. No record has been made because counsel, who also represented Almanza–Santoyo in the district court, understandably does not perceive any deficiencies in his own performance, which is why we also have admonished that only when a different lawyer is representing the defendant on appeal would an ineffective assistance claim ever be appropriate at this stage. *See United States v. Martinez,* 169 F.3d 1049, 1052 (7th Cir.1999).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED