**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Andre NELSON, Defendant–Appellant.**

No. 02–3730.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.

Decided June 18, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Andre Nelson pleaded guilty without a plea agreement to possession with intent to distribute in excess of 5 grams of cocaine base, 21 U.S.C. § 841(a)(1), and possession of a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c). The district court sentenced Nelson to 120 months' imprisonment on the drug-possession charge and 60 months' imprisonment on the firearm charge. Nelson now appeals, but his attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that any appeal would be frivolous. Although invited to do so, Nelson has not filed a response under Circuit Rule 51(b), and we therefore confine our review to the potential issues identified in counsel's facially adequate *Anders* brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Counsel first considers whether Nelson could contest the validity of his guilty pleas but concludes that analyzing this potential issue is unnecessary. Counsel need not address the voluntariness of a guilty plea in an *Anders* submission unless the defendant wishes to challenge the plea. *United States v. Maeder*, 326 F.3d 892, 894 (7th Cir.2003); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Here counsel discussed with Nelson the possibility of contesting his guilty plea on appeal and advised him of the potential risks involved. Nelson then informed counsel that he did not wish to withdraw his plea. Accordingly we need not explore this question further. *Maeder*, 326 F.3d at 894; *Knox*, 287 F.3d at 671.

Counsel also considers potential challenges to Nelson's prison sentences but rejects each as frivolous. The court sentenced Nelson to the mandatory minimums for his offenses. 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c). Thus Nelson's sentence was not imposed in violation of statute. Counsel notes that Nelson's indictment does not specifically allege an amount of cocaine base in excess of 5 grams. But Nelson's prior conviction for a felony drug offense, in conjunction with the quantity of drugs attributed to him, triggered a mandatory minimum of 10 years, 21 U.S.C. § 841(b)(1)(B), and the statutory maximum for an unspecified amount of cocaine is 20 years, *id.* § 841(b)(1)(C). Because the mandatory minimum of 10 years does not exceed the statutory maximum for possession of a smaller amount, it was not necessary for

the government to specify an amount of cocaine base in the indictment in order to convict and sentence Nelson based on 5 grams. *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002).

Counsel also addresses whether Nelson could challenge his sentence as an incorrect application of the sentencing guidelines because the mandatory minimum for his drug offense– the equivalent of 120 months–exceeded the presumptive guideline range– 70 to 87 months. When a mandatory minimum exceeds the guideline range, the court must impose the mandatory minimum unless the defendant qualifies for a departure based on substantial assistance or a "safety valve" reduction. *See* U.S.S.G. § 5G1.1(b); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir.2001). Nelson qualified for neither, and thus the court had no choice but to impose the mandatory minimum. *Crickon*, 240 F.3d at 655. We agree with counsel that any appeal challenging Nelson's sentences would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS Nelson's appeal.