**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 21, 2005
Decided July 21, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4342

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee,*<br><br>  v.<br><br>DAN A. WILLEY,<br>  *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Eastern<br>District of Wisconsin<br><br>No. 04-CR-22<br><br>Rudolph T. Randa,<br>*Chief Judge.* |

**O R D E R**

Pursuant to a plea agreement, Dan Willey pleaded guilty to producing and mailing sexually explicit photographs of a minor, in violation of 18 U.S.C. § 2251(a) (1994 & Supp. III 1997). Because of an earlier state conviction for using a child in producing pornography, Willey was subject to a mandatory minimum sentence of fifteen years' imprisonment, 18 U.S.C. § 2251(d) (1994 & Supp. III 1997) (current version at 18 U.S.C. § 2251(e) (Supp. IV 2004)), and that is the sentence he received. Willey filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Willey to respond to the *Anders* brief, *see* Cir. R. 51(b), but he has not done so. Because counsel's brief is facially

adequate, we review only the potential issues it identifies. *See United States v. Johnson*, 248 F.3d 655, 667–68 (7th Cir. 2001).

Counsel first considers whether Willey could argue that the district court failed to properly inform him of the significance of his guilty plea, as required by Fed. R. Crim. P. 11(b), and that he should therefore be allowed to withdraw his plea as involuntary and unknowing. The issue is properly considered, as counsel reports that Willey has expressed an interest in withdrawing his plea. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Willey did not move to withdraw his plea in the district court, however, so we would review only for plain error. *See United States v. Vonn*, 535 U.S. 55 (2002); *United States v. Martinez*, 289 F.3d 1023, 1029 (7th Cir. 2002).

Counsel identifies a number of ways in which the court's instructions at the change-of-plea colloquy did not comply with Rule 11(b). Specifically, the court did not inform Willey that he could be prosecuted for making a false statement under oath, *see* Fed. R. Crim. P. 11(b)(1)(A); that he had the right to plead not guilty, *see id.* 11(b)(1)(B); that he had the right to an attorney, *see id.* 11(b)(1)(D); that he had the right to confront witnesses and compel their attendance, *see id.* 11(b)(1)(E); that he could be subject to penalties for forfeiture and restitution, *see id.* 11(b)(1)(J), (K); and that his sentence would be determined under the sentencing guidelines, *see id.* 11(b)(1)(M).

Counsel concludes, however, that these omissions were harmless—that is, they did not "interfer[e] with the defendant's ability to make an informed and intelligent decision to plead guilty." *McCleese v. United States*, 75 F.3d 1174, 1181 (7th Cir. 1996). The court's failure to inform Willey of his right to an attorney was harmless, for example, because Willey was already represented by an attorney. Similarly, the fact that Willey had already pleaded not guilty, and was attempting to change that plea, shows that the court's failure to remind him of his right to plead not guilty was harmless. *See Knox*, 287 F.3d at 670. Counsel further points out that Willey was informed in his plea agreement of his right to confront and compel the attendance of witnesses. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001) (Rule 11 omission harmless when information already conveyed to defendant by his counsel or in his plea agreement). And although the court did not mention the possibility of forfeiture, restitution, or perjury, there was no forfeiture or restitution ordered, and Willey is not facing any current or prospective prosecution for perjury, so, counsel argues, those errors are also harmless. *See United States v. Fox*, 941 F.2d 480, 484 (7th Cir. 1991) (restitution); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996) (perjury). Finally, counsel maintains that the court's failure to inform Willey of the role of the sentencing guidelines was harmless, not only because those guidelines were made advisory by *United States v.*

*Booker*, 125 S. Ct. 738 (2005), but because the guidelines did not affect Willey's sentence—he received the statutory minimum sentence of fifteen years, well above the guideline range of 108 to 135 months that otherwise would have applied. Because all of these omissions from the Rule 11 colloquy were harmless, counsel believes that the district court substantially complied with the rule, *see United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997), and that it would therefore be frivolous for Willey to argue that his guilty plea was not knowing and voluntary. We agree.

Counsel also considers whether Willey could challenge his sentence. As we just noted, that sentence was the statutory minimum for Willey's offense. Because Willey was not eligible for either a "substantial assistance" or a "safety valve" reduction of his sentence, *see* 18 U.S.C. § 3553(e), (f); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001), the statutory minimum was the lowest sentence he could have received. We therefore agree that any challenge to Willey's sentence would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.