**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3593

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Southern District of Illinois |
| *v.* | No. 3:04CR30054-001-GPM |
| MARTIN LOPEZ,<br>    *Defendant-Appellant.* | G. Patrick Murphy,<br>*Chief Judge.* |

**O R D E R**

Martin Lopez pleaded guilty to one count of possession of at least 500 grams of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of conspiracy to commit that offense, *id.* § 846. At his plea colloquy, Lopez acknowledged, under oath, that he had agreed to sell two kilograms of cocaine to a confidential informant. He also acknowledged that, when the police arrested him, he and his co-conspirator had approximately two kilograms of cocaine in their possession. The district court sentenced Lopez to concurrent terms of 60 months' imprisonment and four years of supervised release, the mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(B). Lopez's appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous argument for appeal. Lopez filed a response under Circuit Rule 51(b). Since counsel's brief is facially adequate, we will review only the potential issues identified in counsel's brief and Lopez's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Lopez had told counsel that he did not want his guilty pleas set aside, and thus counsel correctly declined to discuss whether they might be challenged as involuntary. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). In his Rule 51(b) response, however, Lopez describes his pleas as "unlawful." Lopez does not elaborate on this statement, so it is unclear whether he has changed his mind about persisting with his guilty pleas. In any case, after reviewing the transcript of the plea colloquy, we have determined that the district court substantially complied with Fed. R. Crim. P. 11. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). A voluntariness claim would thus be frivolous. *See id.* ("[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary.").

Counsel also considered whether Lopez might challenge his concurrent sentences. But Lopez was sentenced to the statutory minimum terms of imprisonment and supervised release, and the district court had no discretion to give a lower sentence unless Lopez qualified for a substantial-assistance or safety-valve exception. *See* 18 U.S.C. § 3553(e), (f); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001); *see also United States v. Duncan*, 413 F.3d 680, 684 (7th Cir. 2005) (explaining that *United States v. Booker*, 125 S. Ct. 738 (2005), does not give sentencing court discretion to disregard statutory minimum). As counsel correctly points out, Lopez qualified for neither exception. Only the government can trigger a sentence below a statutory minimum to recognize substantial assistance, *United States v. McMutuary*, 217 F.3d 477, 486 (7th Cir. 2000), and it did not do so in this case. And Lopez waived any claim to eligibility for the safety valve by admitting at sentencing that he was not eligible for relief under § 3553(f). *See United States v. Harris*, 230 F.3d 1054, 1058–59 (7th Cir. 2000). Therefore, any argument concerning the mandatory terms imposed would be frivolous.

Lopez proposes several other potential issues in his Rule 51(b) response, all of which clearly would be frivolous. Lopez can no longer argue entrapment because an unconditional guilty plea waives all non-jurisdictional defects. *United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir. 2000). And despite Lopez's belief that Title 21 applies only to doctors, pharmacists, and other "registered persons," his drug prosecution was lawful. Finally, Lopez cannot argue under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the government was required to prove the drug quantity to a jury beyond a reasonable doubt. His five-year terms are well below the 20-year maximum for offenses involving any amount of cocaine, 21 U.S.C. § 841(b)(1)(C); *Schuh*, 289 F.3d at 975, and *Apprendi* does not apply to mandatory minimum sentences, *see Harris v. United States*, 536 U.S. 545, 566 (2002); *Duncan* 413 F.3d at 683.

For the above reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.