**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2006
Decided February 6, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-3012

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 02 CR 40231 |
| EDUARDO LLUVIAS, *Defendant-Appellant*. | Joe B. McDade, *Judge.* |

**O R D E R**

Eduardo Lluvias pleaded guilty to one count of conspiracy to distribute five or more kilograms of cocaine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); three counts of distribution of cocaine, *id.* §§ 841(a)(1), (b)(1)(C); and one count of possession of cocaine with intent to distribute, *id.* During his plea colloquy, Lluvias stipulated that at least five kilograms of cocaine were distributed over the life of the conspiracy. He also acknowledged making three sales of cocaine to an informant and negotiating a fourth sale that was not consummated only because agents arrested him with the drugs before the transaction. The conspiracy count carried a statutory minimum of 10 years' imprisonment, 21 U.S.C. § 841(b)(1)(A), and the district court imposed concurrent terms of that length on each count. The court also imposed five years' supervised release on the conspiracy count and three years' on

each of the remaining counts, all running concurrently. Lluvias appeals,[1] but his appointed appellate counsel seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Lluvias has filed a response. *See* Circuit Rule 51(b). Because counsel's brief is facially adequate, we review only the potential issues identified in counsel's brief and Lluvias's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*).

Counsel informs us that Lluvias does not wish to have his guilty pleas set aside. Accordingly, in his *Anders* submission, counsel appropriately avoids any discussion of the plea colloquy or the voluntariness of those pleas. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Lluvias, however, states in his Rule 51(b) response that his guilty pleas were induced, and thus rendered involuntary, by former counsel's misrepresentation that he would be sentenced to 36 months' imprisonment. Our review would be for plain error because Lluvias did not make this argument to the district court in a motion to withdraw his guilty pleas, *see United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Gibson*, 356 F.3d 761, 765-66 (7th Cir. 2004). In any event, the contention would be frivolous on this record. During the plea colloquy, the district court informed Lluvias that he faced no less than 10 years' imprisonment, and Lluvias, under oath, acknowledged that he understood. He also acknowledged the court's admonishment that any inaccuracy in counsel's calculation of the guidelines range would neither bind the court nor supply the basis for withdrawing his guilty pleas. These sworn statements, unlike what Lluvias now says in his Rule 51(b) response, are presumed to be truthful. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2001); *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998).

Counsel and Lluvias also consider whether Lluvias might argue that the district court overstated his criminal history score by assessing a point for a drunk driving offense that resulted in a term of court supervision. *See* U.S.S.G. § 4A1.2(f) & cmt. nn.5, 9; *United States v. Binford*, 108 F.3d 723, 726-28 (7th Cir. 1997); *United States v. Redding*, 104 F.3d 96, 98-99 (7th Cir. 1996). Counsel and Lluvias likewise evaluate whether Lluvias should contend that the court ought to have disregarded the minimum mandatory either because of the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G. §§ 5C1.2, 2D1.1(b)(7), or because Lluvias stands to be deported after his release from prison. In his Rule 51(b) response, Lluvias also proposes to argue that the minimum mandatory term under § 841(b)(1)(A) is no longer binding after *United States v. Booker*, 543 U.S. 220 (2005), and that the court

---

[1] He was sentenced in May 2003 but permitted to proceed with this appeal in July 2005 after filing a motion under 28 U.S.C. § 2255 alleging that former counsel had neglected to file a notice of appeal.

should have imposed a shorter sentence because of "extraordinary" family circumstances.

All of these potential sentencing issues are frivolous, however. *Booker* does not confer discretion to ignore statutory minimum penalties. *See United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Counsel correctly notes that a conviction for drunk driving is counted. *See Binford*, 108 F.3d at 726-28. Although the "safety valve" is a basis for sentencing below a statutory minimum, *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001), we agree with counsel that it would be frivolous for Lluvias to argue that he should have benefitted from the safety valve given that his two criminal history points and his failure to disclose all that he knew about his drug trafficking was enough to disqualify him. *See* 18 U.S.C. § 3553(f)(1), (f)(5); *Crickon*, 240 F.3d at 655; *United States v. Galbraith*, 200 F.3d 1006, 1016 (7th Cir. 2000).

Finally, Lluvias proposes two other potential issues in his Rule 51(b) response. He would argue that his indictment is defective because the conspiracy charge alleges that he entered an agreement with "other persons known and unknown" but identifies none of them. This argument would be frivolous. Coconspirators need not be named in an indictment, *United States v. Payton*, 328 F.3d 910, 911 (7th Cir. 2003); *United States v. Townsend*, 924 F.3d 1385, 1389-90 (7th Cir. 1991). Lluvias also would argue that his former attorney was ineffective; as we have said often, ineffective-assistance claims are best presented by motion under 28 U.S.C. § 2255 so that the factual predicate can be adequately developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Schuh*, 289 F.3d at 976.

For the above reasons, we grant counsel's motion to withdraw and dismiss the appeal.