NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 18, 2008
Decided January 18, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No.  07-2862

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> LUELLA CRAYTON, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Central District of Illinois <br><br> No. 06 CR 10100 <br><br> Michael H. Mihm, <br> *Judge*. |

**O R D E R**

Luella Crayton pleaded guilty to possessing crack for distribution in violation of 21 U.S.C. § 841(a)(1).  She admitted that the amount was at least 50 grams, which because of her prior felony drug conviction triggered a mandatory minimum penalty of 20 years' imprisonment.  *See id*. § 841(b)(1)(A)(iii).  At sentencing the district court began with a base offense level of 34, *see* U.S.S.G. § 2D1.1(c)(3), and added two levels because police found two firearms in Crayton's home, *see id*. § 2D1.1(b)(1).  The court then subtracted three levels for acceptance of responsibility.  *See id*. § 3E1.1.  The resulting total offense level of 33 combined with Crayton's criminal history category of I initially yielded an imprisonment range of 135 to 168 months, but that range was displaced by the statutory minimum.  *See id*.

§ 5G1.1(b).  After considering the government's motion for a sentence below that minimum based on Crayton's substantial assistance to authorities, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, the court imposed a 215-month term as recommended by the government.  The court, however, concluded that it lacked discretion to grant Crayton's request for a further reduction below the statutory minimum for reasons other than her substantial assistance.

Crayton appeals, but her appointed appellate lawyer has moved to withdraw because she cannot discern any nonfrivolous argument to pursue.  *See Anders v. California*, 386 U.S. 738 (1967).  Crayton was notified about counsel's motion, *see* CIR. R. 51(b), and she responded by requesting the appointment of new counsel and moving for a reduction in her sentence based on recent guidelines amendments that lowered the offense levels for some crack offenses.  Counsel's supporting brief is facially adequate, so we limit our review to the potential issue she identifies.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In her plea agreement, Crayton promised to forgo any appeal of her conviction or sentence, but after the issue arose concerning the district court's authority to further reduce Crayton's sentence, the government agreed to modify the appeal waiver to permit Crayton to challenge the court's ruling.  Except to that extent, however, the appeal waiver, if valid, bars Crayton from challenging her conviction or her sentence.  An appeal waiver must be enforced if entered into as part of a voluntary guilty plea.  *Nunez v. United States*, 495 F.3d 544, 545 (7th Cir. 2007); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997).  And since Crayton does not contest the voluntariness of her guilty plea, the waiver must stand with the plea.  *See United States v. Nave*, 302 F.3d 719, 721 (7th Cir. 2002); *Woolley*, 123 F.3d at 632.  Accordingly, the waiver renders frivolous any argument on appeal save the issue expressly excepted by the parties.

Counsel, addressing that question, considers whether Crayton could challenge the district court's belief that it lacked authority to further reduce her sentence below the statutory minimum for reasons other than her substantial assistance.  Prior to *United States v. Booker,* 543 U.S. 220 (2005), we had held that sentencing courts could not consider factors unrelated to a defendant's substantial assistance when deciding how far to depart below a statutory minimum in response to a motion from the government under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  *See United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001); *United States v. DeMaio*, 28 F.3d 588, 591 (7th Cir. 1994).  We have not revisited this issue since *Booker*, but "a ground of appeal can be frivolous even if there is no case on point." *United States v. Lopez-Flores*, 275 F.3d 661, 662-63 (7th Cir. 2001).  All other circuits to address the question post-*Booker* have held that a district court, after reducing a statutory minimum sentence based on substantial assistance under § 3553(e), may not further reduce that sentence based on unrelated factors set forth

in 18 U.S.C. § 3553(a). *See United States v. Mangaroo*, 504 F.3d 1350, 1355-56 (11th Cir. 2007) (holding that extent of reduction from statutory minimum sentence should be based solely on defendant's assistance to law enforcement); *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007) (holding that nothing in reasoning of *Booker* expands district court's authority to sentence below a statutory minimum); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006) (same). We agree. Accordingly, counsel correctly concludes that pursuing this potential issue would be frivolous.

Turning to Crayton's motions, our conclusion that she lacks a nonfrivolous argument to raise on appeal renders moot her request for new counsel. And her motion for a reduced sentence in light of the recent, retroactive amendment to the crack guidelines, *see* U.S.S.G. App. C, vol IV, amend. 706, pp 226-30, must be directed to the district court. *See* 18 U.S.C. § 3582(c)(2); *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005). We therefore deny both motions.

Accordingly, counsel's motion to withdraw is GRANTED. Crayton's motions are DENIED and the appeal is DISMISSED.