# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1918

_____

United States of America,                    *
                                             *
          Appellee,                          *
                                             *    Appeal from the United States
    v.                                       *    District Court for the Southern
                                             *    District of Iowa.
Lakesha Williams,                            *
                                             *         [UNPUBLISHED]
          Appellant.                         *

_____

Submitted: January 16, 2008
Filed: February 4, 2008

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lakesha Williams appeals her 286-month sentence following her guilty plea to conspiracy to distribute cocaine base. At sentencing, the government introduced evidence that Williams was a manager or supervisor, and the court applied a three-level aggravated role adjustment. Her resulting Guidelines' range was 262-327 months. The government also presented evidence at sentencing that Williams wrote a letter from jail that arguably[1] threatened the life or well-being of one of the

_____

[1] The letter states, "As far as that Nigga Marlon. I've put the word out on that Bitch. Some niggas in Muscatine gonna see his ass or when he gets to Newton."

witnesses against her.  In light of the threatening letter, the district court[2] sentenced Williams closer to the middle of the Guidelines' range, instead of the bottom, which the district court indicated it would do before it received the letter evidence.

The Supreme Court has clarified the applicable standard of review post-Booker and emphasized the importance of the district court's discretion in determining appropriate sentences under 18 U.S.C. § 3553(a).  Gall v. United States, 128 S. Ct. 586, 591 (2007).  We must first ensure that no procedural errors tainted the sentencing process. Id. at 597.  Second, we are to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Id.

Williams alleges that the district court erred in applying the upward adjustment for her role in the offense.  We review the district court's factual findings regarding Williams' role in the offense for clear error.  United States v. Rosas, 486 F.3d 374, 376 (8th Cir. 2007).  The district court committed no clear error here.  There was evidence that Williams supervised and directed drug dealing activities, including directing a teenage boy, who lived with her and cared for her children while she was away, to deliver crack cocaine and collect money.  And there was evidence that she organized trips and directed others to provide transportation for her drug dealing activities. These actions justify the enhancement.  See, e.g., United States v. Voegtlin, 437 F.3d 741, 748 (8th Cir.) (affirming application of the manager/supervisor enhancement where defendant provided money for and instructed three people to obtain pseudoephedrine pills and bring them to him), cert. denied, 127 S. Ct. 368 (2006)). Accordingly, Williams' sentence is procedurally sound.

Williams next argues that the sentence imposed by the district court is unreasonable, and as previously noted, we review for an abuse of discretion.  Gall,

---

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

128 S. Ct. at 596. We presume that a sentence within the properly calculated advisory Guidelines' range is reasonable. United States v. Otterson, 506 F.3d 1098, 1100 (8th Cir. 2007) (citing Rita v. United States, 127 S. Ct. 2456, 2462 (2007)). The district court did not abuse its discretion in sentencing Williams near the middle of the Guidelines' range. The court conducted a thorough review of the 18 U.S.C. § 3553(a) factors, and adequately explained why it chose the final sentence.

Finally, Williams contends that trial counsel was ineffective for not placing the threatening letter in context–by asking the district court to read it in its entirety–to demonstrate that it was not actually threatening. We normally do not consider claims of ineffective assistance of trial counsel on direct appeal because the record is usually not sufficiently developed to analyze the claim. United States v. Pherigo, 327 F.3d 690, 696 (8th Cir. 2003). Here, however, the only claim is that counsel should have asked the district court to view the letter in its entirety, instead of just hearing the portion read by the government at the sentencing hearing. Because we have both a copy of the letter and the transcript of sentencing, the record is sufficiently developed to dispose of the claim.

Williams cannot establish ineffective assistance of counsel on this basis, as established by Strickland v. Washington, 466 U.S. 668, 687 (1984). Having reviewed the letter, we find there is more harm to Williams than good in the letter. In it, in addition to the "threat," she describes how she and her friend Tasha did not "tell on each other" and how she told authorities that she "didn't know shit" about whether her friends had been involved with drugs. She references buying "weed" from the letter's recipient. And, she repeatedly alludes to her sexual prowess. Accordingly, counsel's decision not to introduce the entire letter was not deficient performance but merely strategy, and even if it was, Williams cannot establish prejudice. There is no reasonable probability that any unread portion of the letter would have convinced the district court to give Williams a lesser sentence.

We affirm the district court.[3]

_____

[3]We note that the base offense level for Williams' crack offenses was reduced by an amendment to the Guidelines that became effective on November 1, 2007, and the Sentencing Commission has determined that the amendment is to be given retroactive effect, beginning March 3, 2008. The district court will have jurisdiction to decide in the first instance whether to modify Williams' sentence accordingly. 18 U.S.C. § 3582(c)(2); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997). Our resolution of this appeal is without prejudice to Williams' ability to move for modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2). See, e.g., United States v. Crayton, No. 07-2862, 2008 WL 162823, *2 (7th Cir. Jan. 18, 2008); United States v. Brandy, No. 06-2843, 2007 WL 4102745, *1 (2d Cir. Nov. 19, 2007).