NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008
Decided May 27, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2822

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 06-10105-001 |
| PRECIOUS D. PROCTOR, <br> *Defendant-Appellant*. | Michael M. Mihm, <br> *Judge*. |

**O R D E R**

Precious Proctor pleaded guilty to possessing crack cocaine with intent to distribute. *See* 28 U.S.C. § 841(a)(1), (b)(1)(B). At sentencing the district court calculated Proctor's base offense level to be 28, *see* U.S.S.G. § 2D1.1(c)(6), and then subtracted three levels for acceptance of responsibility, *see id*. § 3E1.1. The resulting total offense level of 28, combined with Proctor's criminal history category of V, yielded an imprisonment range of 100 to 125 months. Despite this suggested range, Proctor faced a statutory minimum of 120 months, *see* 28 U.S.C. § 841(b)(1)(B). After considering the government's motion for a sentence below that minimum based on Proctor's substantial assistance to authorities, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, the court imposed a 108-month term as recommended by the government. The court, however, concluded that it lacked discretion to grant Proctor's

request for a further reduction below the statutory minimum for reasons other than her substantial assistance.

Proctor appeals, but her appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Proctor declined our invitation to respond to counsel's motion, *see* CIR. R. 51(b), but instead moved for the appointment of new counsel. Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Proctor informed counsel that she does not wish to have her guilty plea set aside, and therefore counsel appropriately omits from his brief any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel considers whether the district court erred when it held that the only basis for imposing a sentence below the statutory minimum is the defendant's substantial assistance to authorities. The district court's holding is consistent with our decisions prior to *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001); *United States v. DeMaio*, 28 F.3d 588, 591 (7th Cir. 1994), but Proctor argued at sentencing that *Booker* overruled those decisions and mandated that a sentencing court consider all the factors under § 3553(a) when ruling on the government's motion to sentence below a statutory minimum. Although we have not revisited this issue in the wake of *Booker*, "a ground of appeal can be frivolous even if there is no case on point." *United States v. Lopez-Flores*, 275 F.3d 661, 662-63 (7th Cir. 2001). The plain language of § 3553(e) permits a district court to sentence below a statutory minimum in response to a motion from the government *only* "so as to reflect a defendant's substantial assistance." *See Crickon*, 240 F.3d at 655 ; *DeMaio*, 28 F.3d at 591. *Booker* made the Sentencing Guidelines advisory; it had no impact on a district court's authority to sentence below a statutory minimum. *See United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007). Indeed, Congress has limited that authority to occasions in which a defendant substantially assists the government, as all the circuits to address this issue after *Booker* have held. *See United States v. Mangaroo*, 504 F.3d 1350, 1355-56 (11th Cir. 2007); *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006). We agree and therefore concur with counsel that any argument to the contrary would be frivolous.

As a final point, we note that Proctor's case is not affected by *Kimbrough v. United States*, 128 S. Ct. 558 (2007), because Proctor faced a statutory minimum sentence. Although *Kimbrough* clarified that a district court may consider the crack/powder cocaine ratio when deciding whether to impose a sentence outside the suggested guidelines range, a district court must still observe statutory minimums. *See Kimbrough*, 128 S. Ct at 573; *see also United States v. Taylor*, No. 06-4163, 2008 WL 782739 (7th Cir. Mar. 26, 2008). And as we explained

above, the only time a court may sentence below the statutory minimum is when the government files a motion to waive the minimum sentence based on the defendant's substantial assistance to authorities.  Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.  Proctor's motion for the appointment of substitute counsel is DENIED.