**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2008
Decided September 18, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1400

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 67-2 |
| RICHARD HARRINGTON, | |
| *Defendant-Appellee*. | William J. Hibbler, |
| | *Judge*. |

**O R D E R**

Richard Harrington pleaded guilty to one count of conspiring to possess with the intent to distribute and to distribute more than 500 grams of cocaine. *See* 21 U.S.C. §§ 841(a)(1) and 846. The amount of cocaine triggered a mandatory minimum sentence of five years' imprisonment. *See id.* § 841(b)(1)(B). The written plea agreement acknowledged the mandatory minimum sentence but also stated that based on the evidence known at the time of the agreement Harrington was eligible for application of the "safety valve" provision, so he could receive a sentence below the mandatory minimum. *See* 18 U.S.C. § 3553(f). But while preparing the presentence investigation report, the probation officer

discovered that Harrington had a previous drug conviction that translated to three criminal history points, which made him ineligible for the safety-valve provision. *See id.* § 3553(f)(1). The district court nevertheless sentenced Harrington to 51 months' imprisonment—nine months shy of the mandatory minimum—reasoning that Harrington's poor physical condition and cooperation with the government rendered the mandatory minimum sentence unreasonable.

The government appealed the sentence. Both the government and Harrington's counsel agree that the district court did not have discretion to impose a sentence below the mandatory minimum. Indeed, district courts may not apply the factors listed in § 3553(a) to impose a sentence below the statutory mandatory minimum even after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. James*, 487 F.3d 518, 530 (7th Cir. 2007); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007). District courts may impose a sentence below the mandatory minimum only if the government moves for a departure based on substantial assistance or if the defendant is eligible for the safety-valve provision. *See United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001). Neither of these exceptions apply here, which all parties and the district court acknowledged. Accordingly, we grant the parties' agreed motion to waive oral argument, vacate Harrington's sentence, and remand the case to the district court for resentencing.