[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14766

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00039 CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JENISE ANGELLA MANGAROO,

Defendant-Appellee.

_____

No. 06-14767

_____

D.C. Docket No. 05-00039 CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KEARA NIKYELA JOHNSON,

Defendant-Appellee.

D.C. Docket No. 05-00039 CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ASHLIE EBONY MOTHERSILL,

Defendant-Appellee.

Appeals from the United States District Court
for the Northern District of Florida

**(October 29, 2007)**

Before BIRCH, BARKETT and COX, Circuit Judges.

COX, Circuit Judge:

Three women who were college roommates, Jenise Angella Mangaroo, Keara Nikyela Johnson, and Ashlie Ebony Mothersill ("the Defendants"), pleaded guilty to robbery and firearm offenses. The district court sentenced each of them to probation, with conditions of home confinement and community service, and ordered the

payment of restitution. The Government appeals the sentences, maintaining that one of the offenses, using or carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), requires incarceration. We agree. We vacate the sentences and remand for resentencing. The Government also contends that the district court erred in relying in part on non-assistance factors in its substantial assistance downward departures under 18 U.S.C. § 3553(e). Relative to this argument, we need go no further than to remind the district court that, on resentencing, it must rely only on substantial assistance factors in § 3553(e) downward departures.

I.     FACTS

Mangaroo, Johnson, and Mothersill grew up together around Lakeland, Florida, and at the times in question were college roommates in Tallahassee, Florida. After robbery sprees by male acquaintances in Georgia and Florida in the spring and summer of 2005, Mangaroo, Johnson, and Mothersill joined their robbery scheme in late July and early August of 2005. They participated primarily by "casing" potential robbery targets, reporting to the other participants each business's internal layout, type of customer counter, and the number and gender of employees.

A.     The July 29 Gainesville Robbery (Johnson and Mothersill)

On July 29, 2005, Mothersill drove Johnson and Gerald Jerome Raymond to Gainesville, Florida. Johnson cased the Florida Auto and Payday Loans store, describing its interior to Raymond. She told Raymond that it was "stupid" to rob the store because the clerk could see their car through the store's window. Mothersill then moved their car to a better hidden location. Raymond robbed the clerk at gunpoint and took the clerk's purse and $14,490 from the cash drawer. Mothersill knew that Raymond had a revolver, which he used in the robbery, and that Johnson had cased the store. Mothersill and Johnson were each paid $500 for their participation, and Mothersill drove the group back to Tallahassee.

B.     The August 1 Dothan Robberies (Mangaroo, Johnson, and Mothersill)

On August 1, 2005, Mangaroo, Johnson, Raymond, and S.T. Vaughn, III drove to Dothan, Alabama. Within fifteen minutes, the group robbed both the First American Cash Advance store of $3,292 and the Nations Quick Cash store of $2,300.

The Nations Quick Cash robbery was particularly brutal. Johnson and Mangaroo entered the store, looked around, and left. A few minutes later, Raymond and Vaughn robbed the store, armed with a revolver and a pellet pistol. Mothersill provided the pellet pistol, which resembled a semi-automatic pistol. The robbers hit

4

a female victim in the face with the pistol and struck another female victim on the head with the pistol. This blow was so hard that it broke the pistol's handle.

Johnson and Mothersill were involved only in the July 29 and August 1 robberies.

C.    The August 3 Gainesville, Lake City, and Live Oak Robberies (Mangaroo)

On August 3, 2005, Mangaroo entered the All-N-One Check Advance store in Gainesville, Florida, and spoke with the clerk, a female who was operating the store by herself. A few minutes after Mangaroo left, Vaughn, Raymond, and Iren Cergio Rainey robbed the store of $520, pushing the clerk to the ground and threatening her with a revolver.

On the same day, this same group robbed the Advance America Cash Advance store in Lake City, Florida, of $7,712 and the Florida Cash Advance store in Live Oak, Florida, of $20,347.

Mangaroo was involved only in the August 1 and August 3 robberies.

II.    PROCEDURAL HISTORY

In October 2005, Mangaroo, Johnson, and Mothersill were charged by indictment with robbery and firearm offenses.

## A. Mangaroo

Mangaroo pleaded guilty to the following charges: conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 2 (Count One), robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 2 (Count Eight), and using or carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Nine). Counts One and Eight carried a statutory maximum of 20 years' incarceration. 18 U.S.C. § 1951(a). Count Nine carried a mandatory consecutive sentence of not less than seven years' incarceration. 18 U.S.C. § 924(c)(1)(A)(ii).

## B. Johnson

Johnson pleaded guilty to the following charges: conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 2 (Count One), robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 2 (Count Six), and using or carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Seven). Counts One and Six carried a statutory maximum of 20 years' incarceration. 18 U.S.C. § 1951(a). Count Seven carried a mandatory consecutive sentence of not less than seven years' incarceration. 18 U.S.C. § 924(c)(1)(A)(ii).

C.    Mothersill

Mothersill pleaded guilty to the following charges:  conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 2 (Count One), robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 2 (Count Six), and using or carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Seven). Counts One and Six carried a statutory maximum of 20 years' incarceration. 18 U.S.C. § 1951(a). Count Seven carried a mandatory consecutive sentence of not less than even years' incarceration. 18 U.S.C. § 924(c)(1)(A)(ii).

D.    Sentencing

The district court found the Sentencing Guidelines range for Mangaroo and Johnson to be 97-121 months' incarceration and for Mothersill to be 78-97 months' incarceration. Neither the Government nor the Defendants challenge these calculations. The Government filed § 3553(e) substantial assistance motions for each Defendant, allowing the district court to depart downwardly from the firearm offense's mandatory minimum sentence on the basis of specific factors related to the assistance that the Defendants provided law enforcement.

The district court sentenced all three Defendants at a single hearing on August 14, 2006. The district judge stated, "I have considered the factors set out in 18 United

7

States Code Section 3553(a), including the advisory guidelines and the policy statements issued by the Sentencing Commission." (R.2-302 at 30.) The district court sentenced each Defendant to four years of probation, with conditions of one year of home confinement and 500 hours of community service. The sentences also required the payment of restitution.

The Government objected to the sentences.

## III. STANDARDS OF REVIEW

The extent of a district court's downward departure under § 3553(e) is reviewed for an abuse of discretion. *United States v. McVay*, 447 F.3d 1348, 1353 (11th Cir. 2006). Sentences under an advisory guideline system are reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 766 (2005); *United States v. Crisp*, 454 F.3d 1285, 1288 (11th Cir. 2006).

We will consider objections raised for the first time on appeal under the plain error standard. *United States v. Neely*, 979 F.2d 1522, 1523 (11th Cir. 1992). Under this standard, we may exercise our discretion to correct a forfeited error where there is (1) an error, (2) that is plain, (3) that affects substantial rights (which usually means that the error was prejudicial), and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-

35, 113 S. Ct. 1770, 1776-78 (1993); *United States v. Prieto*, 232 F.3d 816, 819 (11th Cir. 2000).

IV.     DISCUSSION

The Government presents three contentions on this appeal: (1) that the firearm offense to which each Defendant pleaded guilty, 18 U.S.C. § 924(c)(1)(A)(ii), specifically requires a sentence of incarceration and prohibits probation; (2) that the district court erred by relying on factors other than the Defendants' substantial assistance to law enforcement in departing downwardly under § 3553(e); and (3) that the sentences were unreasonable.

A.     The Firearm Offenses

The firearm offense statute requires a mandatory minimum sentence of seven years' incarceration, and in this case requires that such sentence be served consecutively to the conspiracy and robbery sentences. "[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . ." 18 U.S.C. § 924(c)(1)(A).

The district court may impose a sentence below the statutory minimum pursuant to a § 3553(e) substantial assistance motion.[1] But the firearm offense statute explicitly prohibits a sentence of probation: "[A] court shall not place on probation any person convicted of a violation of this subsection . . . ." 18 U.S.C. § 924(c)(1)(D)(i).[2]

The Government voiced brief objections to the sentence of each Defendant. The objection to Johnson's sentence was, "Let the record reflect that the government objects to the sentence." (R.2-302 at 35.) The objection to Mothersill's sentence was, "The government objects to the extent of the Court's departure." (R.2-302 at 38.) And the objection to Mangaroo's sentence was, "The government objects that the Court's downward departure is extremely excessive." (R.2-302 at 40.)

The Defendants argue that these generalized objections do not preserve the argument the Government makes here that 18 U.S.C. § 924(c)(1)(D)(i) prohibits a probationary sentence. They thus contend that we should review only for plain error. The Government disagrees, arguing that it properly preserved this issue for appeal,

---

[1]"Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence . . . ." 18 U.S.C. § 3553(e).

[2]"A defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . the offense is an offense for which probation has been expressly precluded." 18 U.S.C. § 3561(a)(2). The Sentencing Guidelines recognize that probation should not be imposed where "the offense of conviction expressly precludes probation as a sentence." USSG § 5B1.1(b)(2).

10

making a plain error analysis inappropriate. Regardless, the Government contends that there is plain error.

We doubt that the Government's generalized objections to the sentences preserve this issue for appeal. Assuming *arguendo* that the Government did not properly preserve for appeal its objections to the probationary sentences, we hold that they constitute plain error. The plain language of the firearm offense statute prohibits a probationary sentence. 18 U.S.C. § 924(c)(1)(D)(i).

The sentences of home confinement were specific conditions of probation, and probation is an impermissible sentence for the firearm offenses. In any event, a sentence of home confinement is not incarceration. *See generally United States v. Chavez*, 204 F.3d 1305, 1315 (11th Cir. 2000) (confinement in a halfway house is not imprisonment); *Dawson v. Scott*, 50 F.3d 884, 888-91 (11th Cir. 1995) (same). Confinement in a halfway house, which *Chavez* and *Dawson* found not to be imprisonment, is more restrictive than home confinement. In light of the plain language of § 924(c)(1)(D)(i) and our precedent at the time of sentencing, these probationary sentences were plain error. The errors in sentencing were prejudicial to the Government's interests, since they resulted in a more lenient sentence than the statute permits. Finally, since the errors seriously affect "the fairness, integrity, or

public reputation of judicial proceedings," we exercise our discretion to correct them. *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776.

B.     Substantial Assistance Departures

Because we conclude that the district court must revisit the sentences in this case, we address the Government's argument that the court erred by relying on non-assistance factors in making its substantial assistance downward departures. "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). The Government made a § 3553(e) motion for each Defendant, characterizing Mangaroo's and Johnson's cooperation as "good" and Mothersill's cooperation as "fair" and "of a lesser quality and quantity than defendants Johnson and Mangaroo." (R.1-245; R.1-246; R.1-247.) The extent of such a downward departure should be based *solely* on a defendant's assistance to law enforcement. *See United States v. Martin*, 455 F.3d 1227, 1235-36 (11th Cir. 2006); *McVay*, 447 F.3d at 1354-55.

The Sentencing Guidelines enumerate the following factors that a sentencing court should consider in a § 3553(e) downward departure: "(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into

12

consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; (5) the timeliness of the defendant's assistance." USSG § 5K1.1(a).

Except for its general statement that the Defendants had cooperated with the Government, the district court did not cite any assistance-related factors to justify its downward departures. The district court explained its downward departures in this way:

> I recognize that there was some mitigating circumstances. First, you have cooperated with the government and admitted your involvement; second, you have no prior criminal history; third, you are less culpable than some of the other defendants charged, although each of you participated in several robberies. Miss Johnson and Miss Mothersill, your involvement was limited to the dates of July 29th and August 1st. Miss Mangaroo, your involvement was limited to August 1 and August 3rd. You each voluntarily ceased participation while the other defendants continued committing robberies. Fourth, you are only 19 and 20 years old . . . I don't know exactly why you committed these crimes but I have no doubt that each of you have already suffered for your criminal actions and that each of you are not likely to re-offend even if no further punishment is imposed. Each of you have already shown great strength by accepting responsibility for your criminal conduct. Although you committed some very serious offenses, you will have an opportunity to pay your debt to society and to make the best of this situation and go on, hopefully, to lead productive lives.

(R.2-302 at 32-33.) Reliance on non-assistance factors in a § 3553(e) downward departure constitutes error as a matter of law. *See* 18 U.S.C. § 3553(e); *Crisp*, 454 F.3d at 1289; *United States v. Luiz*, 102 F.3d 466, 469 (11th Cir. 1996).

On resentencing, the district court should consider only substantial assistance factors, set forth in USSG § 5K1.1, in deciding the nature and extent of its substantial assistance departure. *See McVay*, 447 F.3d at 1356.

## C.    Reasonableness

Because we vacate the sentences and remand for resentencing, we do not reach the issue of the reasonableness of the sentences.

## V.    CONCLUSION

For the foregoing reasons, we vacate all sentences and remand to the district court for resentencing consistent with this opinion.

SENTENCES VACATED; REMANDED FOR RESENTENCING.