[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16075
Non-Argument Calendar

_____

D. C. Docket No. 06-20340-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HERNANDEZ,
a.k.a. Shorty,
MANUEL A. PALACIO,
a.k.a. Manuel A. Palacios,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(January 11, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

After a jury trial, Michael Hernandez and Manuel Palacio were convicted of conspiracy to take hostages, 18 U.S.C. § 1203(a); hostage taking, 18 U.S.C. § 1203(a); and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, 18 U.S.C. § 924(c)(1)(A). Hernandez was also convicted of firearm possession by a convicted felon, 18 U.S.C. § 922(g)(1). These charges arose from the second kidnapping of Jeffrey Boatwright for ransom that Hernandez orchestrated in Miami. Hernandez appeals his convictions, and both defendants appeal their sentences. Hernandez argues that the district court erred when it declined to grant a mistrial, denied his motion for judgment of acquittal, instructed the jury about coconspirator liability, declined to grant a downward departure, and imposed an unreasonable sentence. Palacio and Hernandez both argue that their sentence violates the Sixth Amendment of the United States Constitution. We affirm.

Hernandez argues that the district court erred when it declined to grant a mistrial after the government elicited testimony about the abuse that Boatwright suffered at the hands of Hernandez during the first kidnapping. Although Hernandez orchestrated two kidnappings of Boatwright, the charges in the indictment involved only the second kidnapping. We disagree with Hernandez's

2

argument that the admission of evidence about the first kidnapping required a mistrial.

The district court initially refused to allow the government to introduce evidence that Hernandez abused Boatwright during the first kidnapping, but it later held that the probative value of the evidence outweighed its potential for prejudice. The district court admitted the evidence after the defendants explained their theory of the case: that Boatwright agreed to be kidnapped by Hernandez to obtain money from his brother in law. An element of hostage taking is restraint of a person "against the person's will," Chatwin v. United States, 326 U.S. 455, 460, 66 S. Ct. 233, 235 (1946), and evidence of abuse during the first kidnapping was probative of this element.

A reasonable jury could infer that Boatwright would not willfully allow himself to suffer the abuse that he endured earlier. The unpleasant details of the abuse were not unduly prejudicial because the jury heard evidence of similar mistreatment of Boatwright during the second kidnapping. Our review is for abuse of discretion, United States v. Tampas, 493 F.3d 1291, 1303 (11th Cir. 2007), and the district court did not abuse its discretion by declining to grant a mistrial after the jury heard this evidence.

Hernandez next argues that the district court should have granted his motion

3

for judgment of acquittal because the government failed to prove that Boatwright was held against his will, but again we disagree. There was ample evidence that the kidnapping was not staged and that Boatwright was held against his will. Boatwright was tricked into entering the vehicle that Hernandez's coconspirators used to confine Boatwright at Hernandez's direction. When police found Boatwright, he was restrained and had visible injuries. Two of the participants in the kidnapping testified that the kidnapping was not staged and that they watched Boatwright endure beatings and distress during the kidnapping, which was perpetrated with firearms and ammunition. A reasonable jury could have found that this evidence "establishes guilt beyond a reasonable doubt." United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007).

Hernandez also argues for the first time that, because the government did not call Boatwright as a witness, Hernandez's Confrontation Clause rights were violated and the government was precluded from proving that Boatwright was held against his will. This argument, which we evaluate under the plain error standard, United States v. Mangaroo, 504 F.3d 1350, 1353 (11th Cir. 2007), fails. Hernandez does not identify any testimony from Boatwright that was admitted in violation of the Confrontation Clause, and the decision by the government not to call Boatwright did not prevent the government from satisfying its burden.

4

Hernandez next argues that the district court improperly instructed the jury on the issue of coconspirator liability, but again we disagree. The district court instructed the jury, based on United States v. Pinkerton, that a conspirator can be guilty of a substantive offense committed by a coconspirator even though he did no more than join the conspiracy, provided that the offense was reasonably foreseeable and was committed in furtherance of the conspiracy. 328 U.S. 640, 645, 66 S. Ct. 1180, 1183 (1946). It was appropriate for the district court to give the instruction because the evidence at trial established that the substantive offense of kidnapping, which was perpetrated by others at the direction of Hernandez, was the "goal of the conspiracy" and the use of firearms "facilitate[d] the implementation" of that goal. United States v. Mothersill, 87 F.3d 1214, 1217 (11th Cir. 1996).

Hernandez next argues that the district court erred when it declined to grant a downward departure on the ground that Hernandez's criminal history category substantially overrepresents the seriousness of his criminal history. U.S.S.G. § 4A1.3(b). We cannot consider this argument. Because the district court recognized its authority to depart downward, we lack jurisdiction to review the discretionary decision of the district court not to do so. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005); United States v. Angel-Guzman,

506 F.3d 1007, 1017 (10th Cir. 2007).

Hernandez also argues that his sentence was unreasonable, but we disagree. The advisory Sentencing Guideline range called for a term of imprisonment from 360 years to life consecutive with a mandatory term of 84 months of imprisonment. The district court imposed a sentence below the advisory Guideline range—408 months of imprisonment.

We have explained that our "[r]eview for reasonableness is deferential," United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and Hernandez does not explain how the district court abused its discretion by selecting his sentence. The district court considered the relevant sentencing factors, see 18 U.S.C. § 3553(a), and counsel's arguments for leniency in the light of Hernandez's age, childhood, lack of education, illiteracy, family responsibilities, and relative youth when his criminal history began. Nothing in the record suggests that Hernandez's sentence, which was below the advisory Guidelines range, was unreasonably high.

Finally, Hernandez and Palacio both argue that the district court violated their Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), when the court imposed a mandatory and consecutive sentence of imprisonment for 84-months, 18 U.S.C. § 924(c)(1)(A)(ii), based on a finding by the court that a firearm was "brandished." The Supreme Court rejected this

argument in <u>Harris v. United States</u>: "[T]he federal provision at issue, 18 U.S.C. § 924(c)(1)(A)(ii), is constitutional.  Basing a 2-year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade the requirements of the Fifth and Sixth Amendments."  536 U.S. 545, 568, 122 S. Ct. 2406, 2420 (2002).

**AFFIRMED.**