[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

No. 08-10919
Non-Argument Calendar

_____

D. C. Docket No. 05-00355-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON KING,
a.k.a. PK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 9, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Leon King appeals his conviction for possession with intent to distribute five grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(iii).

King pleaded guilty to one count of possession with intent to distribute cocaine in exchange for the dismissal of both conspiracy of the same and three additional counts of possession with intent to distribute. The Government also agreed to withdraw an § 851 Information that could have lead to King's serving a life sentence, and the Government also stated that it would agree to an acceptance of responsibility reduction.

At sentencing, the district court sentenced King to the Sentencing Guidelines minimum of 188 months' imprisonment. Following the sentencing, the district court ordered forfeiture of "any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees." The court did not, however, follow any of the proper forfeiture procedures, nor did the Government seek to obtain forfeiture. King did not object to the forfeiture order.[1]

---

[1] Almost one year after he was sentenced, King filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In the motion, King claimed ineffective assistance of counsel because his lawyer refused to file his appeal. The district court granted King's motion because it determined that an out-of-time appeal was warranted. Thus, the court vacated King's prior sentence and reimposed King's 188-month sentence.

On appeal, King asserts that the district court erred in two ways: (1) that the district court did not sufficiently comply with Federal Rule of Criminal Procedure 11 because it (a) failed to advise King of the consequences of pleading guilty, namely that his personal property was subject to forfeiture; (b) improperly participated in the plea negotiations by telling King "it is the court's custom . . . to sentence you at the low end of the guideline range, whatever that is;" (c) failed to advise King that he could be sentenced as a career offender; and (d) failed to advise King that his sentence could be based on more drugs than the one count to which he pleaded guilty; and (2) that the district court failed to comply with Rule 32.2 because it did not identify which assets were subject to forfeiture before it signed a forfeiture order.

Based upon a review of the record, we conclude that King's arguments are without merit. First, King failed to object to the Rule 11 errors during the plea colloquy; therefore, we review them for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).

Under plain error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that it affects substantial rights. Id. The Supreme Court has held that in order to meet the third prong, a "defendant who seeks reversal of his conviction following a guilty plea on the ground that the district

3

court committed plain error under Rule 11 must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominquez Benitez, 542 U.S. 74, 83 (2004). Additionally, once the defendant has established the first three prongs, the reviewing court may then exercise its jurisdiction and correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993).

Here, assuming without deciding that the district court erred in its Rule 11 colloquy, King has not demonstrated (nor has he even argued) that but-for the alleged Rule 11 errors he would not have pleaded guilty. Similarly, nothing in the record indicates that he would not have pleaded guilty. Indeed, there was overwhelming evidence of King's guilt and, as part of the plea, the Government withdrew a § 851 Information which could have resulted in King's serving a life sentence. He, therefore, fails to meet his burden on plain error review.

With regard to his second contention regarding the forfeiture order, King also fails. Again, we review this alleged error under the plain error standard. See United States v. Mangaroo, 504 F.3d 1350, 1353 (11th Cir. 2007). As discussed above, the third prong of the plain error analysis requires King to show that the error affected his substantial rights. Although the district court failed to follow the

procedures set forth in Rule 32.2 (including identifying the specific property to be forfeited), no property has been forfeited and the Government has not sought forfeiture. Thus, King has suffered no prejudice.

Accordingly, we **AFFIRM**.