[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10862

_____

D.C. Docket No. 07-00168-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RYAN M. VERCH,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 12, 2009)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,[*] District Judge.

PER CURIAM:

Ryan Verch appeals from the denial of his motion to dismiss a criminal

_____

[*] Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

indictment charging him with four federal offenses involving the sexual abuse of a minor in connection with the production and distribution of child pornography. He subsequently pled guilty to one of the counts in the indictment and now also appeals from the resulting 262-month sentence.

## I. BACKGROUND

At the time of the criminal events at issue, Verch was actively enlisted in the United States Army. The United States Army Criminal Investigative Division arrested Verch on October 19, 2006. After he was advised of his rights, Verch confessed to downloading child pornography, taking and sending pornographic pictures of his daughter, and performing indecent acts with a child. On November 17, 2006, court-martial charges were brought against Verch. His military defense attorney engaged in plea negotiations with the military prosecution but no plea agreement was reached. Ultimately, in exchange for the government dismissing the general court-martial charges without prejudice, Verch voluntarily waived his right to process before his discharge from the Army.

Following his separation from the Army, Verch was indicted in a federal district court on the following four counts: aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c) (Count 1); sexual exploitation of a minor, in violation of 18 U.S.C. § 2251 (Count 2); transporting or shipping child pornography, in violation

2

of 18 U.S.C. § 2252A(a)(1) (Count 3); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 4). Verch filed a motion to dismiss the indictment, offering several reasons tied to the previous military court-martial proceeding discussed above. The district court denied the motion. Then, pursuant to a written plea agreement, Verch pled guilty to Count 2 and the remaining charges were dismissed. Neither Verch nor the government objected to the presentence investigation report. Finding that the sentencing guidelines took the aggravating factors into account, and finding no reason to depart from that advisory range, the court imposed a sentence of 262 months of imprisonment and supervised release for life.

## II. DISCUSSION

Verch raises several issues on appeal. He argues that the district court erred by denying his motion to dismiss the indictment, alleging that the military was barred from referring the case to the United States Attorney's Office primarily because this somehow affected his Due Process rights. Verch also claims that the district court abused its discretion in refusing to hold an evidentiary hearing before denying Verch's motion to dismiss the indictment. Specifically, he argues that he received ineffective assistance of counsel in his military proceedings and that the military prosecution was vindictive. Finally, Verch argues that his sentence is

3

unreasonable in light of the factors described in 18 U.S.C. § 3553(a). We reject all of these arguments as without merit.

*A. Dismissal of the Indictment*

Verch appears to argue that a Memorandum of Understanding ("MOU") between the Department of Defense ("DOD") and the Department of Justice ("DOJ"), which addresses prosecution of military officials over whom concurrent jurisdiction exists, dictated jurisdiction in the military tribunal. But, as the district court noted, the MOU itself provides that it "is not intended to confer any rights, benefits, privileges or form of due process procedure upon individuals . . . ." Department of Defense Direction No. 5525.7, January 22, 1985 (incorporating the Memorandum of Understanding Between the Departments of Justice and Defense Relating to the Investigation and Prosecution of Certain Crimes, at A, August 1984). Moreover, the discussion notes to Rules for Court-Martial 604, which is cited by Verch, provide that charges withdrawn from a court-martial should be dismissed "unless it is intended to . . . forward them to another authority for disposition." This is what happened here.

Additionally, there is no authority to support the proposition that Verch's Due Process rights were violated when the Army withdrew the court-martial

4

charges and transferred the case to the U.S. Attorney's Office.[1]  Thus, the district

court did not abuse its discretion in denying Verch's motion to dismiss the

indictment.

Verch also argues that his counsel in the military proceeding provided him

with incomplete and inaccurate information that Verch relied upon in making his

decision to reject the plea offered by the Army authorities.   We generally do not

consider claims of ineffective assistance of counsel on direct appeal, particularly

where the record is not developed in the district court.  See Massaro v. United

States, 538 U.S. 500, 504–05 (2003).  Accordingly, we deny relief on this basis

without prejudice to the filing of a subsequent petition for collateral relief on this

ground.

For the first time on appeal, Verch claims that the indictment should have

been dismissed based on an allegation of prosecutorial vindictiveness.  We review

this claim under the plain error standard.  United States v. Mangaroo, 504 F.3d

1350, 1353 (11th Cir. 2007).  A prosecution is vindictive if it is undertaken in

retaliation for the exercise of a legally protected statutory or constitutional right.

United States v. Barner, 441 F.3d 1310, 1316 (11th Cir. 2006).  But, in the pre-trial

---

[1]  The cases that Verch cites for this proposition are inapposite.  They all involve instances where the retried defendant was prejudiced in his or her ability to try the case fairly, for example, because of the unavailability of witnesses at the later date.   See, e.g., United States v. Cook, 12 M.J. 448 (C.M.A. 1982).

plea negotiation context, it is not enough to show the defendant might face additional criminal penalties if he or she rejects a plea offer. Id. ("Even though the prosecutor added the charge in an attempt to persuade the defendant not to exercise his right to stand trial, the Supreme Court held there was no 'punishment or retaliation' and hence no vindictiveness or due process violation in plea bargaining 'so long as the accused [was] free to accept or reject the prosecution's offer.'") (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (alteration in original)).[2]

## B. Denial of an Evidentiary Hearing

A district court's decision as to whether to hold an evidentiary hearing is reviewed for abuse of discretion. United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006). A party must make a showing as to why an evidentiary hearing is necessary. See United States v. Holloway, 778 F.2d 653, 658 (11th Cir. 1985). In this case, Verch failed to make a showing as to why an evidentiary hearing was necessary before the district court could rule on his motion to dismiss the indictment, and he did not comply with Criminal Cases Rule 12.1 of the Southern

---

[2] We also note that Verch's claims of vindictive prosecution focus on the military prosecutors. But this argument fails because the case was brought by an independent—if cooperative—authority, the U.S. Attorney's Office. See United States v. Dickerson, 975 F.2d 1245, 1251 (7th Cir. 1992). Under this same logic, we reject Verch's arguments that he was entitled to an evidentiary hearing in which he could question the military prosecutors.

District of Georgia, which requires a movant to support by citation to the record or by affidavit each factual assertion in a motion. Thus, the district court did not abuse its discretion in denying Verch's motion for an evidentiary hearing.

*C. Sentence*

Finally, Verch argues that his sentence is unreasonable in light of the § 3553(a) factors.[3] Verch contends that the court did not properly consider the following mitigating factors: (1) the restrictions on freedom placed on him during his court martial and his "other than honorable" discharge from the military; (2) his service in the Army, particularly in Iraq; (3) his medical and psychological issues caused by his service in Iraq; (4) the assistance he provided to the government in, inter alia, obtaining the conviction of a child pornography distributor; and (5) his strong family network. Further, Verch argues that the district court gave "undue and improper weight to the sentencing guidelines." Verch cites the district court's statement during the change-of-plea hearing that Verch was likely to receive a sentence within the guideline range as evidence of this improper weight.

Verch's argument that the district court failed to properly consider the §

---

[3] Section 3553(a) provides that district courts must consider: (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

3553(a) factors fails because the record reflects the district court's adequate consideration of the § 3553(a) factors. At sentencing, the court stated it had listened to the parties, reviewed the PSI and its addendum, considered the motion for downward departure, reviewed the material furnished by Verch, and considered the § 3553(a) factors. Finding that the guideline range accounted for the aggravating factors, it then sentenced Verch to the lowest guideline range sentence. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

The district court's decision not to vary from the guidelines also was not an abuse of discretion. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted). Moreover, it is clear that the district court did not give undue weight to the guideline range itself as the court considered and discussed at length all of the materials and arguments submitted by the parties before imposing Verch's sentence.

For the foregoing reasons, the district court's order and sentence are AFFIRMED.