[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

No. 08-13291
Non-Argument Calendar

_____

D. C. Docket No. 06-00134-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LASHAWN DANTE TROUP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Lashawn Dante Troup, through counsel, appeals the sentence imposed by the district court following its grant of his pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. On appeal, Troup argues, through counsel, that the district court erred by finding that it could not reduce his sentence below the amended guideline range, as (1) United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) apply at resentencing proceedings under § 3582(c)(2), (2) § 3582(c)(2) is ambiguous as to which policy statements it refers, and (3) when read to mean that a district court cannot sentence below the amended guideline range, § 1B1.10 presents separation of powers concerns and violates Kimbrough and 28 U.S.C. § 991(b)(1), which requires the Sentencing Commission establish policies that assure that the purposes of sentencing listed in 18 U.S.C. § 3553(a)(2) are met.

In response, the government moves for us to dismiss the appeal due to a valid appeal waiver contained in Troup's plea agreement.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a

2

sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

We review sentencing issues not raised before the district court for plain error. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). For us to correct an error under plain error review, there must be "(1) an error, (2) that is plain, (3) that affects substantial rights (which usually means that the error was prejudicial), and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mangaroo, 504 F.3d 1350, 1353 (11th Cir. 2007). An error is not "plain" if the explicit language of a statute or rule does not resolve the issue, and neither the Supreme Court nor we have precedent directly resolving the issue. United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005).

Upon review of the record and the parties' briefs, we discern no reversible error.

3

The government's motion to dismiss this appeal due to a valid appeal waiver contained in Troup's plea agreement is DENIED.

The district court did not err in finding that Booker and Kimbrough did not authorize it to sentence Troup below the amended guidelines. See United States v. Melvin, No. 08-13497, man. op. at 7 (11th Cir. Feb. 3, 2009) (holding that Booker and Kimbrough do not apply at resentencing proceedings under § 3582(c)(2)). Additionally, the district court did not plainly err by not sua sponte finding § 3582(c)(2) ambiguous, or by not declaring § 1B1.10 invalid, as neither we nor the Supreme Court have held § 3582(c)(2) ambiguous or declared § 1B1.10 invalid. See Chau, 426 F.3d at 1322. Accordingly, we affirm.

**AFFIRMED.**