[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16130
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00007-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE A. GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 22, 2010)

Before DUBINA, Chief Judge, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Jose Gonzalez appeals his convictions for conspiracy to distribute

or possess with intent to distribute, and possession with intent to distribute, five or more kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. On appeal, he argues that the district court erred by denying his motion to suppress the cocaine seized from his truck. He contends that he did not commit a traffic violation by driving over the fog line, and therefore the police did not have probable cause to pull him over. He also contends that he never consented to the search of his truck.

A district court's denial of a motion to suppress evidence is a mixed question of law and fact, and we review rulings of law *de novo* and findings of fact for clear error, in the light most favorable to the prevailing party, which in this case is the government. *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). We review issues raised for the first time on appeal for plain error. *United States v. Mangaroo*, 504 F.3d 1350, 1353 (11th Cir. 2007). We will only reverse when: (1) there is an error; (2) that is plain or obvious; (3) that affects the substantial rights of the defendant; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A valid appeal waiver is generally enforceable, and precludes a party from raising issues unless the claims are specifically excluded from the appeal waiver. *See United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir. 2005); *United States v.*

*Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). Where the government does not seek to invoke an appeal waiver, but instead argues an issue on the merits, and where the application of the waiver is not outcome determinative, we may ignore the waiver and consider the issue on the merits. *See United States v. Valnor*, 451 F.3d 744, 745 n.1 (11th Cir. 2006) (involving sentencing issues).

The Fourth Amendment of the U.S. Constitution provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV. A law enforcement official may stop a vehicle if there is probable cause to believe that the driver is violating a traffic law or regulation. *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998). Under Ala. Code § 32-6-49.3(21)(b), a serious traffic violation includes "improper or erratic traffic lane changes." Where objectively reasonable conditions permit a stop, "the officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 569 (2008) (internal quotation marks omitted). We will accept the district court's credibility determination of a witness "unless we are left with 'the definite and firm conviction that a mistake has been committed.'" *United States v. Chirinos*, 112

3

F.3d 1089, 1102 (11th Cir. 1997) (internal quotation marks omitted).

Based on our review of the record, we conclude that the district court did not clearly err in accepting the testimony of Corporal Dunn that Gonzalez drove his truck across the fog line and committed a traffic violation. Further, although a surveillance video on the police car does not clearly show that Gonzalez's truck crossed the fog line, it does not contradict Dunn's testimony that the truck did cross the fog line. Accordingly, the police had probable cause that Gonzalez committed a traffic violation, and thus were justified in pulling him over. Finally, although the appeal waiver bars Gonzalez from raising the consent issue on appeal, the government has only argued that the issue is waived because Gonzalez did not raise it in his initial motion to suppress. Because the government does not invoke the appeal waiver, we review the consent issue for plain error. We find no error because the record demonstrates that Dunn gave unrefuted testimony that he received consent to search the truck.

For the above-stated reasons, we affirm Gonzalez's conviction.

**AFFIRMED.**