[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15845
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00007-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM RENE ARANGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 20, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Abraham Rene Arango appeals his convictions for conspiracy to

distribute and possess with intent to distribute five kilograms or more of cocaine, and possession with intent to distribute five kilograms or more of cocaine. On appeal, Arango argues that the district court erred by denying his motion to suppress 23 kilograms of cocaine seized from a truck he and co-defendant Jose Gonzalez were driving. He argues that they did not commit a traffic violation and the officers' reasons for the stop were pretextual. He also argues that insufficient evidence supported the conviction for possession because his post-arrest statements could plausibly have been interpreted to mean that he only knew of the cocaine after the fact. Arango does not directly address the conviction for conspiracy.

## A.

A district court's denial of a motion to suppress evidence is a mixed question, with rulings of law reviewed *de novo* and findings of fact reviewed for clear error, viewed in the light most favorable to the prevailing party, which in this case is the government. *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). We review for plain error objections raised for the first time on appeal. *United States v. Mangaroo*, 504 F.3d 1350, 1353 (11th Cir. 2007). We will only reverse when: (1) there is an error; (2) that is plain or obvious; (3) that affects the substantial rights of the defendant; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

2

The Fourth Amendment of the U.S. Constitution provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV. A law enforcement official may stop a vehicle if there is probable cause to believe that the driver is violating a traffic law or regulation. *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998). Under Alabama law, a serious traffic violation includes "improper or erratic traffic lane changes." Ala. Code § 32-6-49.3(21)(b) (1990). Where objectively reasonable conditions permit a stop, "the officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 129 S. Ct. 569 (2008). We will accept the fact-finder's credibility determination in accepting the testimony of a witness unless we are "left with 'the definite and firm conviction that a mistake has been committed.'" *United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir. 1997) (quoting *United States v. Holloway*, 74 F.3d 249, 252 (11th Cir. 1996)).

A consensual search is constitutional if it is voluntary. *United States v. Purcell*, 236 F.3d 1274, 1281 (11th Cir. 2001). We review the district court's determination regarding the voluntariness of an individual's consent in light of the

totality of the circumstances, and we will not disturb the district court's finding unless it is clearly erroneous. *Id.*

Based upon our review of the record, we conclude that the district court did not clearly err in accepting the testimony of police officer Dunn that the truck Arango was riding in crossed the fog line while traveling along the highway. Further, although a surveillance video on the police car was inconclusive, it did not contradict Dunn's testimony. Accordingly, we conclude that the police had probable cause to stop the truck. In addition, although Arango did not challenge before the district court whether he or Gonzalez gave valid consent for the search, Dunn testified that Gonzalez gave the officers consent to search the truck following the stop. Arango did not present any evidence to contradict Dunn's testimony. Therefore, there was no plain error.

## B.

We review *de novo* whether there was sufficient evidence at trial to support a conviction. *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005). "We will uphold the denial of a motion for a judgment of acquittal if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt, [and w]e must accept all reasonable inferences and credibility choices by the fact-finder." *Id*. (internal quotation marks omitted). "The evidence

4

may be sufficient even when it does not exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion except that of guilt, since a jury is free to choose among reasonable constructions of the evidence." *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005) (internal quotation marks omitted). Arguments not raised on appeal are abandoned. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

In order to sustain a conviction for possession of a controlled substance under 21 U.S.C. § 841(a)(1), the government must prove that Arango (1) knowingly, (2) possessed cocaine, (3) with the intent to distribute it. *United States v. Harris*, 20 F.3d 445, 453 (11th Cir. 1994). The government may use direct or circumstantial evidence, and it may prove constructive possession by showing that the defendant exercised dominion or control over the premises in which the drugs were kept. *Id.*

In order to sustain a conviction for conspiracy to possess a controlled substance, 21 U.S.C. § 846, the government must prove: "(1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005) (internal quotation marks omitted). "Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a

probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." *Id.* (internal quotation marks omitted).

After reviewing the parties' briefs and the record, we affirm Arango's possession and conspiracy convictions. Arango's post-arrest statements indicated that he knew cocaine was in the truck, where they had acquired it, and where it was to be delivered. He also expressed regret and indicated that he had discussed hauling cocaine with Gonzalez. The jury could reasonably have concluded that these statements indicated knowledge and participation in possessing with intent to distribute cocaine. Further, because Arango has not challenged his conspiracy conviction on appeal, any such challenge is abandoned. However, even if the challenge was not abandoned, the same evidence demonstrating his knowledge and participation in the offense is also indicative of a knowing participation in a conspiracy to traffic drugs. Because the record demonstrates that sufficient evidence supports both convictions, we affirm them in all respects.

**AFFIRMED.**