[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11410

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2011
JOHN LEY
CLERK

D.C. Docket  No.   2:07-cr-00350-IPJ-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARMISE MATTHEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 21, 2011)

Before TJOFLAT, HILL, and ALARCON,* Circuit Judges.

PER CURIAM:

_____

* Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

This is an appeal from a twenty-four month sentence imposed upon Carmise Matthews by the district court for violating the conditions of his supervised release. Matthews claims that the district court plainly erred by failing to provide specific written reasons for his sentence, which exceeds the range suggested by the Chapter 7 policy statements to the United States Sentencing Guidelines, in his judgment according to the dictates of the statute, 18 U.S.C. § 3553(c)(2). We agree.

The statute reads:

> The court, at the time of sentence, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .

18 U.S.C. § 3553(c)(2).

We have reviewed the record in this appeal, the briefs and the arguments of counsel. By failing to provide written reasons for a sentence exceeding the statutory guidelines, we find that the district court plainly erred by failing to abide by the terms of the statute. *See United States v. Mangaroo*, 504 F.3d 1350, 1354 (11th Cir. 2007). We vacate the judgment of the district court and remand to the district court for the limited purpose of providing a written and specific statement

2

of the reasons for its upward departure in Matthews' sentence pursuant to 18

U.S.C. § 3553(c)(2).

VACATED and REMANDED with instructions.