[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11448
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00222-WKW-WC-2

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellant,

versus

DENNIS MICHAEL ELDER,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 17, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals Dennis Elder's 90-day sentence for a firearm possession offense as procedurally unreasonable. Upon review of the record and the parties' briefs, we affirm.

**I**

In 2013, Mr. Elder was arrested for his involvement in a drug-trafficking operation. After his arrest, Mr. Elder immediately accepted responsibility for his actions and began cooperating with the government. He was charged in 2016 and pled guilty to one count of possessing a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1), which carries a mandatory minimum sentence of 60 months' imprisonment. *See* U.S.S.G. § 2K2.4; PSI at ¶ 44.

Because of Mr. Elder's cooperation, the government moved for a substantial assistance departure under both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government recommended a fifty percent reduction—to 30 months' imprisonment—in Mr. Elder's sentence.

At sentencing, the district court followed a three-step process.

First, the district court consulted the presentence investigation report, which indicated that Mr. Elder had no criminal history, but faced a five-year mandatory minimum sentence for the firearm offense. The district court then calculated an initial sentence of 60 months' imprisonment.

Second, the district court held a sidebar conference to hear testimony from the government on its substantial assistance motion. Following a task force agent's testimony about Mr. Elder's assistance, the district court granted the government's motion and set his post-departure guidelines range at 30 months' imprisonment.[1]

Third, after announcing the post-departure range and returning to open court, the district court heard from Mr. Elder and his counsel, considered the sentencing factors found in § 3553(a), and imposed a sentence of 90 days' imprisonment, to be followed by five years of supervised release. In pertinent part, the district court referenced Mr. Elder's history and relevant characteristics, the seriousness of the offense, the need to promote respect for the law, the need for deterrence, and the need to avoid sentencing disparities. *See* §§ 3553(a)(1), (a)(2)(A)-(B), (a)(6).

The government objected to Mr. Elder's sentence as both procedurally and substantively unreasonable. The district court overruled the government's objections, and this appeal followed.

## II

We review the procedural reasonableness of a sentence, *see United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013), and the extent of a substantial

---

[1] We will not discuss the specifics of the sidebar discussion because portions of the sentencing transcript have been sealed. The district court agreed with the government's assessment of Mr. Elder's assistance because it set the post-departure range at 30 months, just as the government had recommended.

assistance departure, *see United States v. McVay*, 447 F.3d 1348, 1353 (11th Cir. 2006), for abuse of discretion.[2]

### III

When the government files a substantial assistance motion under § 5K1.1 and § 3553(e), our precedent sets out various principles. In deciding whether to grant a § 5K1.1 motion to depart below an advisory guidelines range, a district court is only permitted to consider factors related to a defendant's assistance. *See United States v. Crisp*, 454 F.3d 1285, 1289 (11th Cir. 2006) (explaining that, although the list of factors in § 5K1.1 is not exhaustive, a "sentence reduction [under § 5K1.1] may be based only on factors related to the defendant's substantial assistance"). Similarly, the extent of a departure below a statutory minimum under § 3553(e) "should be based *solely* on a defendant's assistance to law enforcement." *United States v. Mangaroo*, 504 F.3d 1350, 1355 (11th Cir. 2007) (emphasis in original).

When the government moves for a downward departure, however, it "has no control over whether and to what extent the district court will depart from the [advisory] [g]uidelines." *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). And, "after [a district court] has decided the length of departure warranted by the substantial assistance motion, [it] is then obliged to take into account the

---

[2] The government does not contend that Mr. Elder's sentence is substantively unreasonable on appeal and has therefore abandoned that argument. *See United States v. Levy*, 379 F.3d 1241, 1243 (11th Cir. 2004) (noting that issues not briefed on appeal "are deemed abandoned").

advisory [g]uidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a) in fashioning a reasonable sentence." *McVay*, 447 F.3d at 1356.

The government's primary argument is that the district court committed procedural error under *McVay* and *Mangaroo* by considering non-assistance factors before granting its motion and calculating Mr. Elder's post-departure range. We disagree and conclude that those cases are distinguishable.

In *McVay*, 447 F.3d at 1355, the district court erred as a matter of law by considering non-assistance factors—like the defendant's "exemplary record" and "relationship with this daughter"—in deciding whether to grant the government's substantial assistance motion. Moreover, the record in that case "contain[ed] *no* indication that the sentencing judge considered *any* of the § 5K1.1(a) factors" or the government's assessment of the defendant's assistance. *Id.* at 1356 (emphasis in original).

Similarly, in *Mangaroo*, 504 F.3d at 1355, the district court made vague references to "cooperation" but did not consider any assistance factors in its decision to impose a sentence below the statutory minimum under § 3553(e). Instead, the district court referenced the defendants' criminal history, participation in the charged offenses, ages, and acceptance of responsibility. *See id.* The district court also erred in *Mangaroo* by giving each of the defendants a sentence of

probation, in violation of the firearm statute at issue, which expressly required a term of imprisonment.  *See id.* at 1354.

Here, even though the district court did not expressly discuss the § 5K1.1(a) factors, the record as a whole shows that the district court only considered the government's pre-sentencing motion and the task force agent's testimony at the hearing (which referenced Mr. Elder's assistance and nothing more) before granting the government's substantial assistance motion.  On this record, there is no indication that the district court relied on any inappropriate statutory or non-statutory factors before deciding to depart below the statutory minimum and calculating Mr. Elder's post-departure range at 30 months.

We can also infer that the district court agreed with the government's assessment of Mr. Elder's assistance because, although not required to do so, *see Livesay*, 525 F.3d at 1091, the district court followed the government's recommendation and set the post-departure range at 30 months.  Indeed, *before* the district court turned to the non-assistance factors in § 3553(a) in order to calculate Mr. Elder's final sentence, *see McVay*, 447 F.3d at 1356, the government expressly "request[ed] a sentence at the bottom of the range calculated by the [c]ourt in light of granting the [§ 5K1.1] and [§] 3553(e) motion."  D.E. 180 at 15.[3]

---

[3] This case is also different than *Mangaroo* because Mr. Elder was given a 90-day term of imprisonment rather than probation for his firearm offense.  And, as noted earlier, the government has abandoned any argument that the district court's assessment of the § 3553(a) factors led to a substantively unreasonable sentence.

6

**IV**

Because the district court followed the guidance given in *McVay*, 447 F.3d

at 1356—that is, to consider the § 3553(a) factors *after* deciding whether and to

what extent to depart based on Mr. Elder's assistance to the government—we

conclude that the district court did not commit procedural error constituting an

abuse of discretion.[4]

**AFFIRMED.**

---

[4] We have not squarely addressed whether a district court is permitted to use the § 3553(a) factors in order to impose a sentence below a previously-adjusted range based on a defendant's substantial assistance. *Compare United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009) (explaining that a "court may increase a sentence on the basis of the § 3553(a) factors, but may not reduce the sentence further" after granting a § 3553(e) departure), *with United States v. Allen*, 450 F.3d 565, 570 n.5 (4th Cir. 2006) (highlighting that "[i]f the resulting departure range [under § 3553(e)] still does not serve the factors set forth in § 3553(a), [a] court may then elect to impose a non-guideline [variance] sentence"). Given that the government argues that a district court is only permitted to increase a sentence using § 3553(a) factors after granting a substantial assistance motion for the first time in its reply brief, we exercise our discretion not to address that issue here. *See generally United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (stating that "[p]arties must submit all issues on appeal in their initial briefs").