[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 25, 2009
THOMAS K. KAHN
CLERK

No. 09-11128
Non-Argument Calendar

_____

D. C. Docket No. 02-00016-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRESTON TYRONE SMITH,
a.k.a. Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 25, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Preston Tyrone Smith, a federal prisoner convicted of a crack cocaine offense, proceeding pro se, appeals the district court's denial of motion for a sentence

reduction, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, he argues that: (1) the district court plainly erred in failing to resentence him during his § 3582(c)(2) proceedings because United States v. Booker, 543 U.S. 220 (2005), had the effect of retroactively stripping the district court of subject matter jurisdiction over his original sentence; and (2) the district court abused its discretion in denying him a § 3582(c)(2) sentence reduction, pursuant to Amendment 706, which reduced the offense levels associated with certain crack cocaine offenses. After careful review, we affirm.

We review de novo a district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). When an issue presented involves a legal interpretation, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003). We review sentencing issues not raised before a district court for plain error. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). "[W]e may exercise our discretion to correct a forfeited error where there is (1) an error, (2) that is plain, (3) that affects substantial rights (which usually means that the error was prejudicial), and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mangaroo, 504 F.3d 1350, 1353 (11th Cir. 2007).

First, we find no merit in Smith's claim that the district court plainly erred in failing to resentence him during his § 3582 proceedings. The district court has

limited jurisdiction in the context of § 3582(c)(2) proceedings. Proceedings under § 3582(c)(2) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or de novo resentencings, United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues." United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000). Constitutional challenges to a defendant's sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2). Id. (declining to consider defendant's Eight Amendment claim because "such a collateral attack on [a] sentence" should be brought pursuant to 28 U.S.C. § 2255, not § 3582(c)). Thus, the district court lacks authority to re-examine the other sentencing determinations made at the original sentencing. United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997).

In addition, we have held that "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions." Moreno, 421 F.3d at 1220 (applying plain error). Specific to Amendment 706, we have applied Moreno to reject an argument, made by a defendant sentenced pre-Booker under mandatory Guidelines, that he was entitled to application of Booker in his § 3582(c)(2)

3

proceedings. See United States v. Webb, 565 F.3d 789, 792-93 (11th Cir. 2009). We reasoned that Booker did not afford the district court a basis for granting a § 3582(c)(2) sentence reduction. Id. at 793.

In light of this case law, the district court here did not commit any error, much less plain error, by failing to consider whether Booker had the effect of stripping the district court of subject matter jurisdiction over Smith's original sentence, thereby rendering his original sentence void, and requiring the district court to impose a new sentence. Indeed, the district court could not address that argument in a § 3582(c)(2) proceeding. And even if a § 3582(c)(2) proceeding was the proper context to raise the issue, we have repeatedly recognized that "Booker is inapplicable to § 3582(c)(2) motions." Moreno, 421 F.3d at 1220.

Next, we reject Smith's argument that the district court abused its discretion by denying Smith a § 3582 sentence reduction. A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the

4

Sentencing Commission" -- and is, therefore, not authorized under § 3582(c)(2) -- if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which has been made retroactive, amends the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008). However, if a defendant's base offense level is determined under the career-offender guideline in U.S.S.G. § 4B1.1(b), rather than the drug-quantity guideline in § 2D1.1(c), Amendment 706 has no effect on the applicable guideline range. 541 F.3d at 1327-28. Where Amendment 706 does not have the effect of lowering the applicable guideline range because the defendant's offense level was determined by the career offender guideline, the defendant is not entitled to § 3582(c)(2) relief. Id. at 1328.

Because Smith's original sentence was based on his status as a career offender under § 4B1.1 and was unaffected by § 2D1.1, Amendment 706 did not have the effect of lowering his sentencing range, and § 3582(c)(2) does not afford him relief. Moore, 541 F.3d at 1327-28. Smith's argument that we are not bound by Moore because Moore violates Booker is unavailing as we are bound to follow prior binding

precedent "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted), cert. denied, (U.S. June 22, 2009) (No. 08-8655). There is no dispute that Moore has not been overruled by either this Court sitting en banc or the Supreme Court, and we are therefore bound to follow it. See id.

Finally, Smith's argument that Moreno is inapplicable here also fails, given our holding in United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, 129 S.Ct. 2382 (2009). Accordingly, we affirm.

**AFFIRMED.**