[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15190
Non-Argument Calendar

_____

D. C. Docket No. 06-60350-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICKEY PUBIEN,
GARY BAPTISTE,
a.k.a. Method Man,
a.k.a. G-Baby,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 19, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Mickey Pubien and Gary Baptiste appeal their convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), 846, 960(b)(1)(B), conspiracy to possess with intent to distribute 50 grams or more of cocaine base, id. §§ 841(a)(1), 841(b)(1)(A), 846, and multiple counts of distribution and possession with intent to distribute 500 grams or more of cocaine, id. §§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2. Pubien and Baptiste challenge the denial of Pubien's Batson objection and the sufficiency of the evidence to support their convictions. Pubien challenges his sentence, and Baptiste challenges the admission of testimony from officers about the meaning of code words used by participants in the conspiracy. We affirm.

## I. BACKGROUND

Officers of the Drug Enforcement Agency and the police departments of Fort Lauderdale and Lauderhill, Florida, began a joint investigation of a large-scale conspiracy to traffic cocaine. One target of the investigation was Luckner Monestine, a known drug trafficker who had sold cocaine to a confidential informant. To discover Monestine's supplier, officers obtained warrants to intercept calls made from the cellular telephones of individuals involved in the conspiracy. Over a six-month period, officers collected information that

2

implicated Monestine, Pubien, and Baptiste.

As a result of the investigation, Monestine, Pubien, Baptiste, and eleven codefendants were charged in a 32-count indictment for various drug crimes. Pubien was charged for six crimes: conspiring to possess with the intent to distribute five kilograms or more of cocaine from February 2006 through December 2006, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 960(b)(1)(B); conspiring to possess with the intent to distribute 50 grams or more of cocaine base from February 2006 through December 2006, id. §§ 841(a)(1), 841(b)(1)(B), 846; and four counts of distributing and possessing with intent to distribute 500 grams or more of cocaine between July 25, 2006 and August 2, 2006, on September 27, 2006, between October 19, 2006 and October 20, 2006, and on November 1, 2006, id. §§ 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. Baptiste was charged for five crimes: conspiring to possess with the intent to distribute five kilograms or more of cocaine from February 2006 through December 2006, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 960(b)(1)(B); conspiring to possess with the intent to distribute 50 grams or more of cocaine base from February 2006 through December 2006, id. §§ 841(a)(1), 841(b)(1)(A), 846; and three counts of distributing and possessing with intent to distribute 500 grams or more of cocaine on October 23, 2006, October 25, 2006, and November 4, 2006, id. §§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2.

Agents Brian Geraghty and Michael Baker of the Drug Enforcement Agency and Detective Nick Coffin of the Fort Lauderdale Police Department testified at trial about the electronic telephone intercepts, surveillance, videotapes of meetings between members of the conspiracy, and the seizure of cocaine and crack cocaine. Agent Geraghty was the only officer admitted as an expert witness to testify about drug trafficking operations, methods used to package drugs, and code words used by persons in the conspiracy. The testimonies of the three officers were supplemented by the testimonies of Monestine and cohort Aldrian Bowe.

At the close of the case of the government and the conclusion of the evidence, both Pubien and Baptiste moved for judgments of acquittal. Baptiste argued that "[t]here [was] an absence . . . of any evidence suggesting that [he] had ever delivered crack cocaine" to anyone involved in the conspiracy and that the "evidence [did] not support going to the jury" for crimes related to "the delivery of powder cocaine." Baptiste argued that the "evidence [did] not satisfy all the elements of the crime[s]" charged. The district court denied both motions.

The jury found Pubien and Baptiste guilty of conspiracy to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846, 960(b)(1)(B), and conspiracy to possess with intent to distribute at least 50 grams of cocaine base, id. §§ 841(a)(1), 841(b)(1)(A), 846. The jury also found Pubien

guilty of four counts of distribution and possession with intent to distribute at least 500 grams of cocaine, id. §§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2, and Baptiste guilty of three counts of the same crime. Id.

Pubien's presentence investigation report provided a criminal history category of III based on his three prior convictions in Florida courts for possessing and distributing cocaine. The report provided that Pubien was subject to a mandatory sentence of imprisonment for life because of his convictions for conspiracy to distribute cocaine and cocaine base, 21 U.S.C. § 841(b)(1)(A), and the report adjusted Pubien's applicable sentencing range to imprisonment for life. Pubien did not object to the report.

At the sentencing hearing, the district court sentenced Pubien to six concurrent terms of imprisonment for life. Counsel for Pubien objected to the sentences for Pubien's distribution charges on the ground that they exceeded the statutory maximum sentence of 40 years of imprisonment. After further argument, counsel stated, "since the Court is sentencing Mr. Pubien to concurrent terms, I believe that it would be a lawful sentence."

## II. STANDARDS OF REVIEW

We apply four standards of review in this appeal. We review de novo decisions about the selection of a jury and related findings of fact for clear error.

United States v. Campa, 529 F.3d 980, 992 (11th Cir. 2008), cert. denied, 129 S. Ct. 2790 (2009). Objections or arguments regarding rulings that are not raised during trial are reviewed for plain error. United States v. Mangaroo, 504 F.3d 1350, 1353 (11th Cir. 2007). We also review de novo the denial of a judgment of acquittal, and we construe the evidence in the light most favorable to the government. United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

### III. DISCUSSION

Pubien and Baptiste raise several arguments for our consideration. All fail. We address each argument in turn.

*A. Pubien Failed to Establish a Prima Facie Case of Discrimination.*

Pubien argues that the district court should have required the government to articulate a race-neutral reason for using its first peremptory challenge to remove a black prospective juror from the venire. The district court found that Pubien failed to establish a pattern of discrimination. Baptiste also challenges, for the first time

6

on appeal, the same peremptory challenge.

To establish a prima facie case of discrimination, a defendant must "show that he is a member of a cognizable racial group[] and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race.'" Batson v. Kentucky, 476 U.S. 79, 96, 106 S. Ct. 1712, 1723 (1986) (citation omitted). The defendant then must establish that "these facts and any other relevant circumstances raise an inference" of discrimination. Id. If the defendant establishes a prima facie case then the prosecutor must provide a race-neutral explanation for the peremptory challenge. United States v. Allen-Brown, 243 F.3d 1293, 1297 (11th Cir. 2001).

Pubien failed to establish a prima facie case of discrimination. Pubien alleged that the prospective juror was black and challenged by the government, but those facts alone did not establish that the challenge was exercised with discriminatory animus. "In making out a prima facie case, 'the defendant must point to more than the bare fact of the removal of certain venirepersons and the absence of an obvious valid reason for the removal.'" United States v. Allison, 908 F.2d 1531, 1538 (11th Cir. 1990) (quoting United States v. Young-Bey, 893 F.2d 178, 179 (8th Cir. 1990)). The record also establishes that the government later did not challenge three black jurors who were seated on the petit jury. The

7

district court did not err, much less plainly err, by denying Pubien's <u>Batson</u> objection.

*B. Pubien Has Abandoned His Challenge To the Sufficiency of the Evidence.*

Pubien contends that the government failed to prove that he was guilty of conspiring to distribute at least 50 grams of cocaine base, but he has abandoned that argument. Rule of Appellate Procedure 28(a)(9)(A) requires an appellant to include in his argument his "contentions and reasons for them, with citations to the authorities and parts of the record on which [he] relies." Pubien's argument consists of three sentences in which he summarily asserts that the government failed to meet its burden of proof, the "quantity of 50 grams or more is far reaching[,] and the evidence is insufficient to support such quantity." Because Pubien neglected to provide any meaningful discussion of the evidence or any reference to the record, we consider the argument abandoned. <u>See</u> <u>Singh v. U.S. Att'y Gen.</u>, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

*C. There is Sufficient Evidence That Baptiste Conspired To Distribute and Distributed Cocaine and Cocaine Base.*

Baptiste argues that insufficient evidence exists to support his four convictions that he conspired to distribute at least five kilograms of cocaine

8

between February 2006 and December 2006 and he distributed and possessed with intent to distribute 500 grams of cocaine on October 23, 2006, October 25, 2006, and November 4, 2006. Baptiste argues that Bowe lacked credibility and his testimony was inconsistent with Monestine's testimony about the quantity of cocaine he received from Baptiste. Baptiste also argues that the government failed to prove that he sold cocaine to Monestine on October 25, 2006, and Baptiste argues that the government failed to prove that he participated in a drug transaction on November 4, 2006.

Sufficient evidence supports Baptiste's convictions. Monestine and Bowe testified that Baptiste was a primary source of cocaine for Monestine, and the government introduced conversations between Baptiste and Monestine from February 2006 through December 2006, in which Baptiste discussed delivering to Monestine on different dates between 2 and 40 kilograms of cocaine. Monestine testified that, on October 23, 2006, he ordered and received from Baptiste two kilograms of cocaine, and Detective Coffin observed Monestine and Baptiste exchange a white plastic bag at a prearranged location. On October 25, 2006, Baptiste delivered to Monestine two kilograms of cocaine and, after the sale, Baptiste increased the price of the drugs. On November 4, 2006, Baptiste had his brother deliver to Monestine two kilo-shaped objects with wet wrapping that tested

9

positive for cocaine, and Baptiste and his brother later that day discussed the poor condition of that cocaine. The district court did not err by denying Baptiste's motion for a judgment of acquittal.

*D. Testimonies of Officers About Code Words Used During the Conspiracy Were Admissible.*

Baptiste argues for the first time on appeal that the district court erred by admitting the testimonies of Detective Coffin and Agent Baker about the meaning of code words used in telephone conversations between members of the conspiracy because the officers were not tendered as expert witnesses. This argument fails. A police officer may give an opinion about certain evidence if that opinion is rationally based on his personal perceptions, training, and experience. See Fed. R. Evid. 701(c); United States v. Myers, 972 F.2d 1566, 1576–77 (11th Cir. 1992). Coffin and Baker testified that they had experience with narcotics transactions and were familiar with code words used in the drug trade. Coffin and Baker testified after Agent Geraghty and before Bowe and Monestine, all of whom interpreted the same code words without objection from Baptiste. The district court committed no error, much less plain error, by admitting the officers' testimonies.

*E. Pubien Waived His Challenge To His Sentence for the Distribution of Cocaine.*

Pubien argues that his sentence to imprisonment for life for his four convictions for the distribution of 500 grams or more of cocaine is illegal because

10

it exceeded the maximum statutory sentence, but he waived that argument. Pubien affirmatively withdrew his objection at his sentencing hearing by stating that he had received "a lawful sentence." See United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997).

*F. Pubien's Sentence to Imprisonment for Life Is Reasonable and Constitutional.*

Pubien challenges his sentence to imprisonment for life on two grounds. First, Pubien argues that the sentence is unreasonable because it failed to account for his poor childhood, youth, and likelihood of rehabilitation. Second, Pubien argues for the first time on appeal that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. These arguments fail.

The district court was required to sentence Pubien to imprisonment for life. Pubien's sentence does not conflict with the sentencing factors because "[i]t is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360–61 (11th Cir. 2008). Pubien's sentence was mandatory and we have upheld section 841 against other Eighth Amendment challenges. See United States v. Willis, 956 F.2d 248, 251 (11th Cir. 1992); see

11

also <u>United States v. Johnson</u>, 451 F.3d 1239, 1243 (11th Cir. 2006) ("'In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.'" (quoting <u>United States v. Moriarty</u>, 429 F.3d 1012, 1024 (11th Cir. 2005)). The district court did not err, plain or otherwise, when it sentenced Pubien.

## IV. CONCLUSION

The convictions of Baptiste and the convictions and sentences of Pubien are **AFFIRMED.**